BANK *v.* HALLER.

(*Jackson.*　May 7, 1898.)

STATUTE OF LIMITATIONS. *Applicable to action for proceeds or value of property fraudulently conveyed.*

The statute of limitations applicable to an action by a creditor against the grantee of his debtor to recover the value or proceeds of property fraudulently conveyed, and not the specific property, is not three, but six, years.

Code construed: § 4470 (S.); § 3470 (M. & V.); § 2773 (T. & S.)

Cases cited: Solinsky *v.* Bank, 85 Tenn., 372; Reeves *v.* Dougherty, 7 Yer., 222; Knight *v.* Jordan, 6 Hum., 101; Marr *v.* Rucker, 1 Hum., 3458; Garrett *v.* Vaughn, 1 Bax., 113; Howell *v.* Thompson, 95 Tenn., 396.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. STERLING PIERSON, Ch.

R. P. CAREY and CARUTHERS & EWING for Bank.

L. & E. LEHMAN, S. J. SHEPHERD, and H. C. WARRINER for Haller.

WILKES, J. This is a bill attacking a delivery of goods by Haller to Goodlet as fraudulent. The goods delivered, consisting of jewelry, were sold by

Goodlet before the bill was filed, and the prayer of the bill is that Goodlet be held liable for their proceeds or value. The Chancellor sustained the bill and gave judgment against Goodlet for the amount sued for, it being much less than the proceeds of the goods conveyed, and Goodlet has appealed to this Court and assigned errors.

Two questions are presented in this Court—first, whether the complainant's right of action is barred by the three years' statute of limitations, and, second, whether, as a matter of fact and law, the delivery and transfer made was fraudulent.

The first question was raised both by demurrer and by the answer. In the bill the allegations are made that the transfer to Goodlet was made prior to November 24, 1891, and this suit attacking it was brought July 7, 1896, or more than three years after the transfer was made, and the demurrer is to the effect that there is no sufficient averment that any fraudulent concealment was made to prevent the bringing of the suit within three years, and hence the action is barred by the statute of three years' adverse holding.

We need not stop to consider the concealment feature of the case, as it is neither sufficiently alleged, nor is it made out in the proof, but proceed at once to the investigation of the question whether the provisions of the statute (Shannon, § 4470) apply to this case. This section is as follows: "Actions for injuries to personal or real

property, actions for the detention or conversion of personal property [must be brought] within three years from the accruing of the cause of the action.''

It is virtually conceded that if Goodlet had retained and held adverse possession of this specific property during three years, or the period set out, it could not be secured from him by the original owner or any creditor of his. Indeed this proposition is too well sustained by authority to be disputed. *Reeves* v. *Dougherty*, 7 Yer., 222; *Knight* v. *Jordan*, 6 Hum., 101; *Marr* v. *Rucker*, 1 Hum., 345; *Garrett* v. *Vaughn*, 1 Bax., 113; *Howell* v. *Thompson*, 11 Pickle, 396.

But it is insisted that this is not an action to recover or subject the specific property conveyed, for that was sold soon after it was transferred, but it is to recover the proceeds or value of the property sold. It is insisted that when property is converted or detained, the owner may sue to recover it back in kind, in which event he must bring his action in three years, or he may waive the tort and sue for the value as upon an implied contract, and in such case the action may be brought at any time in six years from its accrual.

In the case of *Solinsky* v. *Lincoln Savings Bank*, 1 Pickle, 372, it was held that when property fraudulently conveyed was sold by the fraudulent grantee, he could be held liable at the suit of a creditor for its proceeds or value. The question of the time

within which the suit may be brought was not considered by the Court.

It is true, the relations of the debtor and the creditor towards the fraudulent grantee are not the same, and, in many respects, are not at all analogous. For example, when there is a fraudulent conveyance, the grantor may not receive from the grantee either the specific property or its proceeds or value. But the creditor may do either. The grantor is repelled because of his fraud; the creditor is allowed to recover because of the same fraud which repels the grantor. It is only when the property is taken or withheld from the owner *in invitum*, that he can sue and recover either property or its value. In such cases, the theory upon which the owner is allowed to recover, is, first, that he may retake his own, and, second, that he may allow his adversary to keep it, and pay him its value on the idea that there is an implied promise to pay him what it is reasonably worth. It will be seen, therefore, that a creditor of a fraudulent grantor does not recover from the fraudulent grantee in the right of the grantor, but he stands upon his own independent right, superior to, and apart from, that of the grantor.

But, while all this is true, we think the theory of the law is, that notwithstanding the title to the property passes by the fraudulent conveyance, as between the grantor and grantee, so that the former loses his right to it because of the fraud, still, as

to the creditors of such grantor, the property continues in him, and it or its proceeds is liable to the creditor's demands. The grantee who thus takes property under a fraudulent conveyance, takes it with an implied obligation or agreement that the debts of creditors of the grantor may be satisfied out of it, and, in view and by virtue of· this implied obligation and agreement, the creditor has six years in which to sue for the value of the property, just as the debtor would have but for his fraud, and as he does have in case of property illegally detained or converted from the debtor or owner.

We are of opinion that the statute of limitations will not avail the defendant in this case, as six years had not elapsed after the delivery of the property before suit was brought, and the demurrer was properly overruled. Upon the question of fact involved, as to whether the conveyance was fraudulent, it is not necessary to write.