COLONIAL MILLING COMPANY v. HOLT BROTHERS et al. FLETCHER-WILSON COFFEE COMPANY v. HOLT BROTHERS et al.

Middle Section.    July 24, 1926.

Certiorari denied by Supreme Court, January 15, 1927.

1. **Estoppel. In order to create an estoppel the party pleading it must have been misled to his injury.**

In order to create an estoppel the party pleading it must have been misled to his injury and must have suffered a substantial loss or have been induced to alter his position for the worse in some material respect. Where no valuable right is parted with and no injury suffered, there can be no estoppel in pais.

2. **Estoppel. Evidence. Evidence held not to show an estoppel.**

In an action to recover on an account where the party did not comply with the Bulk Sales Law but the day after the sale the seller presented a receipted account and stated that the account had been paid, held that upon default in payment of the check given in payment of the account the party was not estopped to recover from the purchaser because the act pleaded as an estoppel did not take place until after the sale was consummated.

3. **Appeal and error. There must be proof of newly discovered evidence to justify a new trial.**

Merely setting out newly discovered evidence in a motion for new trial without any proof to show that there was a witness to testify to that effect, held not to be sufficient grounds to justify a new trial, since the statement in the motion for new trial is regarded as merely a pleading and cannot be considered as evidence.

4. **Appeal and error. Where it appeared that the trial judge admitted and considered illegal testimony material in its character his finding will be set aside by the appellate court.**

Ordinarily, assignments of error that the judgment is not in accord with the preponderance of the evidence, will not be considered by the Appellate Court where the case was tried by the judge without a jury, but in a case where it appears that the trial judge admitted and considered illegal testimony, material in its character or misconceived the law applicable to the case on a determinative question, the finding of the trial court will be set aside and a final judgment rendered in the appellate court.

5. **Pleading. A general statement in a Justice's Civil Warrant giving the defendant notice of the ground of action, so that he may not be misled in preparing his defense, is a sufficient statement of a cause of action.**

A warrant of a Justice suing the original debtors on an open account past due, and the purchaser of a stock of merchandise sold in violation of the bulk sales statute, makes a sufficient statement of a cause of action.

6. **Sales. Sales in bulk statute does not provide solely an action in rem.**
Not only does the sales in Bulk Statute provide an action in rem against the stock of goods but it also provides that where one sells a stock of goods in bulk in violation of the Statute it is fraudulent and the creditor may waive the tort and may sue the purchaser for the value.

7. **Evidence. Burden of proof is on the defendant to show that the stock was not worth the amount of the account on which suit is based.**
In an action to recover on an account against a purchaser who did not comply with the Sales in Bulk Statute and there was no testimony as to the value of the goods, held there was a presumption that the value of the stock equaled or exceeded the amount of the debt and if it did not, the burden was on the defendant to show this fact since the value was peculiarly within his knowledge.

8. **Payment. Presumption. Ordinarily, there is a presumption that a check drawn by debtor to his creditor is not accepted as absolute payment.**
Where a debtor give the creditor his own check drawn by himself in payment of an account and receives a receipt, but the check is afterwards dishonored for want of funds, the presumption, without more, is that it was not accepted by the creditor as an absolute payment but this is a question to be determined upon the facts of such case.

9. **Payment. Presumption. It will be presumed that a check drawn by another and indorsed by debtor to creditor in payment of indebtedness was an absolute payment if accompanied by a surrender of the indebtedness.**
Where the debtor indorsed to his creditor a check drawn by another in settlement of notes and an account accompanied by a surrender of the indebtedness, in the absence of an agreement to the contrary, a presumption arises that the creditor accepted is as an absolute payment.

Appeal in Error from Circuit Court, Davidson County; Hon. A. G. Rutherford, Judge.

Reversed.

Keefe & Denney, of Nashville, for plaintiffs in error, Milling Co. et al.

Jas. A. Ryan, of Nashville, for defendants in error, Holt Brothers and Kennedy.

CROWNOVER, J.　These were actions on accounts, and although separate actions, they were by agreement tried together in the court below, and will be decided in one opinion.

These actions were on accounts against Holt Brothers, a co-partnership in the mercantile business composed of J. Holt and Nick P. Holt, and P. D. Kennedy who purchased their stock of merchandise without complying with the Sales in Bulk Statute, by giving notice, etc., required by said statute. Holt Brothers were indebted at the time to the Colonial Milling Company by account in the sum of $48.15· and to Fletcher-Wilson Coffee Company by account in the sum of $22.30. Said accounts were unpaid at the time of the sale of the stock of merchandise in bulk to P. D. Kennedy, and said creditors were not given notice of the sale nor furnished with the inventories before the sale was consummated as required by the Sales in Bulk Statute. No effort was made to comply with said

statute. The actions were on account and no attachments were sought or had.

After Holt Brothers and Kennedy had agreed on the terms of the sale, sometime in February, 1925, Kennedy called in his attorney, Mr. James A. Ryan, who, after being acquainted with the nature of the sale and that Holt Brothers owed several debts, advised them that the sale could not be legally consummated except by complying with the Sales in Bulk statute; whereupon Holt Brothers stated that they desired to pay all their creditors, and it was agreed that they would furnish a list of their creditors and the amounts owed, and that Mr. Ryan should accompany them to each creditor and see that they were all paid. This was accordingly done on the next day, and Holt Brothers issued checks and took receipts from each creditor, after which, on the same day, they went to the American National Bank, where the bill of sale, that had been previously drafted by Mr. Ryan, was signed up by the parties and the check for the amount of the invoice price of the goods was delivered by Kennedy to Holt Brothers, who as Mr. Ryan thought, deposited the same in said bank and the sale was consummated.

On the following day Mr. Ryan was again called to the store and the parties told him that they had, by oversight, left out the two small accounts they owed to the plaintiffs, but that they had taken care of them as they had the others, and they exhibited to him the receipts in full from each of these plaintiffs, which receipts were delivered to Kennedy upon his advice.

It further appears that the checks delivered to these plaintiffs were dishonored for want of funds, and the plaintiffs have not been paid.

The bookkeeper of the American National Bank testified that Holt Brothers carried an account with the bank and had made small deposits all along up until February, 1925, when they on February 19, 1925, deposited $600.00 and on February 21, 1925, deposited $300.

It is further shown that the checks were issued by Holt Brothers for the amount of plaintiffs' accounts, and the accounts were marked paid on February 24, 1925.

These actions were originally instituted before a Justice of the Peace and were appealed to the Circuit Court, where they were tried by the Judge, without the intervention of a jury, and judgments were rendered against Holt Brothers, but the actions were dismissed as against Kennedy.

The trial court held (1) that plaintiffs were estopped as against Kennedy because they had receipted the statements against Holt Brothers, and that P. D. Kennedy had relied upon said receipts and was induced thereby to purchase the stock of merchandise; (2) that the evidence of deposits made by Holt Brothers in the bank was of

no value, weight or relevancy on the issues of this case; and (3) that the plaintiffs had failed to sustain the burden of proof and to make out their cases by a preponderance of the evidence.

The plaintiffs have appealed in error to this court and have assigned errors.

The first assignment is that the court erred in holding that plaintiffs were estopped by reason of the receipts issued by plaintiffs in error to Holt Brothers. We think that this assignment raises the determinative proposition in these lawsuits, and that the court was in error in holding that the plaintiffs were estopped, because the proof conclusively shows that the inventory had been taken, the bill of sale executed, the stock of goods purchased and the consideration paid and the sale consummated on the day before the accounts were attempted to be paid by the worthless checks given by Holt Brothers.

Kennedy had already purchased the stock of goods before the plaintiffs in error issued the receipts, and the issuance of said receipts therefore could not have been any inducement to Kennedy to make the purchase as it had already been consummated. In order to create an estoppel, the party pleading it must have been misled to his injury and must have suffered a substantial loss or have been induced to alter his position for the worse in some material respect. Where no valuable right is parted with and no injury suffered, there can be no estoppel in pais. We think this question was thoroughly discussed and settled in the case of Donaldson Bros. v. Thornburg, 150 Tenn., 464, 265 S. W. 684, and authorities there cited. Hence, this assignment of error must be sustained.

The second assignment of error is that the court erred in refusing to grant a new trial on certain newly discovered evidence set out in the motion for a new trial. This assignment must be overruled because, it is not shown that any witnesses will testify that the newly discovered evidence is true. The party's affidavit setting out the newly discovered evidence must be adduced, together with the affidavit of the witnesses, or some other satisfactory evidence of the existence of the testimony. See, Caruthers' History of Lawsuit, 5 Ed., 317.

Recitals of fact in a motion for a new trial are not evidence because such motion is merely a pleading. See, Sherman v. State, 125 Tenn., 149; Richmond Type and Electro Foundry Co. v. Carter, 135 Tenn., 493; Assurance Co. v. Feed & Grocery Co., 122 Tenn., 652.

The third assignment is that the court erred in refusing to give weight to the evidence of the bookkeeper of the bank as to the deposits made by Holt Brothers in the American National Bank. This assignment must be overruled as it is not shown what amounts were deposited by Holt Brothers in said bank after February 21, 1925, and as it is not shown that the amounts deposited on February 19, and 21, 1925, were the proceeds of said sale; hence the evidence

of the bookkeeper sheds no light on the controversy; and is not evidence as to when the sale was consummated.

The fourth assignment is that the court erred in holding that the plaintiff had not sustained the burden of proof in making out the cases by a preponderance of the evidence. We think that this assignment should be sustained. Ordinarily, assignments of error of this kind, where the case was tried by the Judge without the intervention of a jury, must be overruled because this court does not weigh the evidence, and the finding of a Circuit Judge upon the facts of a case, where a jury is waived, has the same weight as the verdict of a jury; but where it appears that the trial Judge admitted and considered illegal testimony material in its character, or misconceived the law applicable to the case on a determinative question, as in this case discussed in the first assignment of error above, his finding will be set aside and a new trial granted; and this court, without remanding the case, will determine it properly, and pronounce such judgment as the trial Judge should have rendered. See, Smith v. Hubbard, 85 Tenn., 306; Glasgow v. Turner, 91 Tenn., 167 and authorities cited. Hence, this assignment of error must also be sustained.

However, the defendants insist that the warrants state no causes of action as against defendant, Kennedy. We think that this insistence is not well founded, as each of the warrants stated that the defendants were summoned to appear before the Justice of the Peace to answer to the complaint of Colonial Milling Company, in one case, and that of the Fletcher-Wilson Coffee Company, in the other case, "in a plea of debt due by open account past due . . . and P. D. Kennedy for violation of bulk sales law, who being the purchaser of stock of merchandise, under $500." It will thus be seen that the firm of Holt Brothers was sued on the open account, and that Kennedy was also sued as purchaser of the stock of merchandise sold in violation of the Bulk Sales Statute. All that is necessary in stating the cause of action is some general statement indicating the grounds of the action, so that defendant may not be misled in preparing his defense. See, Stowers Stores v. Ware, 3 Hig., 431 and Railroad v. Williamson, 137 Tenn., 152.

It is next insisted by the defendants in error that the action provided for under the Sales in Bulk statute is an action in rem against the stock of goods and not an action against the purchaser on account. We think that this insistence is not well made, as it has been held in a number of cases that where one sells a stock of goods in bulk in violation of the statute, it is fraudulent and the creditor may waive the tort (action in rem) and may sue the purchaser for the value. See, Donaldson Bros. v. Thornburg, 150 Tenn., 464; Keller v. Fowler Bros., 148 Tenn., 577; Bank v. Haller, 101 Tenn., 83; Daly v. Drug Co., 127 Tenn., 412.

It is next insisted by the defendants in error that the recovery is limited to the value of the goods actually received by the purchaser, and that there is no proof as to the value of the stock, and for this reason the plaintiffs should not recover. We do not think that this insistence is well taken, as the proof shows that the defendants, Holt Brothers, sold their stock of goods in bulk to the defendant, for which he paid the full invoice price by check, and that they owed several debts. The stock was evidently worth something because the defendant, Kennedy, gave them his check in payment therefor. The sale was in violation of the Sales in Bulk statute and was therefore fraudulent. Under such circumstances, after the plaintiffs had shown that the sale was fraudulent, we think that the burden of proof shifted to the defendants to show the value of the stock of goods and that the value actually received by the purchaser was not sufficient to cover the debts. These facts were peculiarly within the defendants' knowledge. Jones on Evidence In Civil Cases, 3 Ed., Sec. 181; Dunlap v. Hayes, 4 Heisk., 479; Farnsworth v. Bell, 5 Sneed, 531. The presumption always is that competent and pertinent evidence within the knowledge or control of a party which he withholds is against his interest and insistence. Standard Oil Co. v. State, 117 Tenn., 672. In many instances it might be almost impossible for the creditors to show the value of the goods actually received by the purchaser.

It is next insisted that the plaintiffs in error received Holt Brothers' checks as payment in full of the accounts, and that said accounts were satisfied, and for this reason the plaintiffs cannot maintain these actions. After an examination of the record we think this contention should not be sustained. The evidence is very meager, and all that is shown in the record is that one of the members of the Holt firm stated to the plaintiffs that they had sold their stock of merchandise and that he desired to pay the accounts. Statements of the accounts were produced, and he issued checks for the amounts signed "Holt Brothers, by J. T. Holt" payable to the parties, and the statements were marked paid. When a check is drawn by a debtor and accepted by his creditor, which is afterward dishonored for want of funds, the presumption, without more, is that it was not accepted by the creditor as an absolute payment; but this is a question to be determined upon the facts of such case. See, Springfield v. Green, 7 Bax., 301; 30 Cyc., 1272. But the presumption is otherwise where the creditor accepts the endorsement of the check of another (not the debtor) in settlement of notes and an account accompanied by a surrender of the indebtedness, in the absence of any agreement to the contrary. See, Kirkpatrick v. Puryear, 93 Tenn., 409.

Hence, in this case, the presumption is that the checks were not accepted by the creditors as absolute payments.

It results that the assignments Nos. 1 and 4, having been sustained, we hold that the judgments of the lower court must be reversed, and upon the facts of the cases, we hold that the sale of the stock of goods was fraudulent as to the plaintiffs in error. They are entitled to judgments for the amounts of their respective accounts, together with the cost of the cause, including the cost of the appeal, against Holt Brothers and P. D. Kennedy, for all of which execution is awarded.

Faw, P. J., and DeWitt, J., concur.