409 F.2d 627
 Edward N. HALLACK, Individually and As Natural Guardian and Next Friend Suing for and in Behalf of His Minor Children, Edna Michelle Hallack and Nicholas H. Hallack, Plaintiffs-Appellants,
v.
Lynn A. HAWKINS and Wife, Irene W. Hawkins, Merrill S. Parks, Trustee, Defendants-Appellees.
 No. 18706.
 United States Court of Appeals Sixth Circuit.
 April 8, 1969.
 
 Erich W. Merrill, Memphis, Tenn., for appellants; R. Connor Wiggins, Jr., Memphis, Tenn., on brief; Crabtree, Morgan, McKnight, Merrill & Crawford, Memphis, Tenn., of counsel.
 Raymond A. Bratcher, Memphis, Tenn., for appellees; Pierce, Rice, Bratcher & Pierce, Memphis, Tenn., on brief.
 Before WEICK, Chief Judge, and O'SULLIVAN and McCREE, Circuit Judges.
 WEICK, Chief Judge.
 
 
 1
 This is an appeal from an order of the District Court granting appellee's motion for summary judgment and dismissing the complaint in an action to recover the value of real property alleged to have been transferred in fraud of creditors. The only issue before us is whether or not the action was barred by the Tennessee statutes of limitation.[1]
 
 
 2
 Appellant's claim arose out of an automobile accident in Texas in 1956, in which his wife and infant child were killed and he and two of his infant children were injured. On April 7, 1956 appellants filed suit in the District Court of Rockwall County, Texas, against Lee Hawkins and his wife, Dorothy Byrd Hawkins, to recover damages for wrongful death and for personal injuries. A few days after the filing of the suit, Lee Hawkins and his wife executed two notes to Hawkins' brother, defendant-appellee, Lynn Hawkins, for $9,000 and $28,500, secured by deeds of trust on Lee's property in Shelby County and Haywood County, Tennessee, respectively. Both deeds of trust were properly recorded.
 
 
 3
 On December 9, 1960, Lee Hawkins and his wife executed a warranty deed conveying the Haywood County property to his brother, Lynn Hawkins, in consideration of the satisfaction and cancellation of the deed of trust securing the $28,500-note. Thereafter, Lynn conveyed the Haywood County property to an innocent purchaser.
 
 
 4
 Appellant recovered a judgment in the amount of $44,000 against Lee Hawkins and his wife, in the District Court of Rockwall County, Texas, on March 7, 1961. He filed suit in the Chancery Court of Shelby County, Tennessee, on April 7, 1961 to set aside the deed of trust on the Shelby County property on the ground that it was a transfer executed for the purpose of hindering, delaying and defrauding creditors including the appellant. On June 17, 1966 the Chancery Court set aside the trust deed and subjected the property to the payment of appellant's judgment, as a result of which he realized $13,000 through the sale of the property, which amount was applied on the judgment.
 
 
 5
 On December 8, 1966 the present action was filed in the District Court against Lynn Hawkins and his wife, to recover the value of the Haywood County property, alleged to have been conveyed to an innocent purchaser in fraud of creditors. This action was filed more than ten years after the filing of the original deed of trust, April 9, 1956, and one day less than six years after the filing of the warranty deed, December 9, 1960. On the defendant's motion for summary judgment, the parties stipulated that if the 1956 deed of trust were valid, then the Haywood County property, conveyed in 1960 in satisfaction of it, was not worth substantially more than Lynn Hawkins paid for it.
 
 
 6
 The District Judge held that the Tennessee statute of limitations applied so as to preclude any attack upon the 1956 deed of trust on the Haywood County property. He was of the view that in order to establish that the 1960 warranty deed was fraudulent, the appellant had to prove that the 1956 deed of trust, the satisfaction of which was the consideration for the warranty deed, was fraudulent. He concluded that because the deed of trust was not subject to attack, appellant could recover only if the property was worth more than the amount due on the deed of trust. But since the parties had stipulated that the property was not worth more than the amount of the deed of trust, the District Judge denied recovery. He was also of the opinion that the decree of the Chancery Court setting aside the deed of trust on the Shelby County property was not res judicata of the present case because it involved a different subject matter. We are of the opinion that the District Judge did not err.
 
 
 7
 Appellant contends that this action is not one to set aside the 1956 deed of trust, but rather to recover the value of the Haywood County property which was put out of the reach of creditors in 1960 by the conveyance to Lynn Hawkins. He argues that he is not attempting to set aside the deed of trust, but is merely endeavoring to prove that there was no consideration for it. Appellant concedes that any cause of action to set aside the 1956 deed of trust is barred by the Tennessee statute of limitations. However, he contends that the present action is based upon the 1960 warranty deed which was executed in consideration of the satisfaction of the 1956 deed of trust, and thus it is not barred by the statute of limitations. His theory for the new cause of action is:
 
 
 8
 "After December 9, 1960, plaintiff, as a creditor of Lee Hawkins, had a new and separate cause of action against Lynn Hawkins, in that on that date, for the first time, plaintiff had a right to obtain a judgment against Lynn Hawkins, personally for the reasonable value of Lee Hawkins' property fraudulently conveyed to Lynn Hawkins, that Lynn Hawkins had placed beyond the reach of creditors by placing mortgages to innocent third parties on such property on December 9, 1960." (Appellant's Brief, p. 22)
 
 
 9
 Appellant has confused the subject of his cause of action with his remedy, and argues that since he has a new remedy, a personal judgment against Lynn Hawkins for the reasonable value of the property, he has a new, separate and distinct cause of action. The fallacy of this reasoning is apparent and there is no merit to his contention.
 
 
 10
 In Solinsky v. Lincoln Savs. Bank, 85 Tenn. 368, 4 S.W. 836 (1887), the Court, in an opinion written by Judge Lurton, said:
 
 
 11
 "When a fraudulent vendee has so concealed or disposed of the property that creditors can not reach or identify it, the creditor may, in equity at least, recover the proceeds or value thereof." Id. at 372, 4 S.W. at 838.
 
 
 12
 A creditor can subject so much of the property as remained in the hands of the fraudulent vendee, and at the same time hold him personally liable for the value of so much as he has sold. Keller v. Fowler Bros. & Cox, 148 Tenn. 571, 256 S.W. 879 (1923); Daly v. Sumpter Drug Co., 127 Tenn. 412, 155 S.W. 167 (1912); Dillard & Coffin Co. v. Smith, 105 Tenn. 372, 59 S.W. 1010 (1900).
 
 
 13
 There is no question but that the statute of limitations applicable to an action by a creditor against the grantee of his debtor, to recover the value of the personalty fraudulently conveyed, is six years. T.C.A. § 28-309; German Bank v. Haller, 101 Tenn. 83, 52 S.W. 807 (1898). Whether this is true as to an action to recover the value of real property fraudulently conveyed, is unclear. If the six-year statute is inapplicable, then the ten-year statute (T.C.A. § 28310) would govern. We need not decide which statute applies in this case since the result would be the same under either one. The only question here is, When does the applicable statute begin to run?
 
 
 14
 In German Bank the Supreme Court of Tennessee stated at pages 86-87, 52 S.W. at page 808:
 
 
 15
 "But, while all this is true, we think the theory of the law is, that notwithstanding the title to the property passes by the fraudulent conveyance, as between the grantor and grantee, so that the former loses his right to it because of the fraud, still, as to the creditors of such grantor, the property continues in him, and it or its proceeds is liable to the creditor's demands. The grantee who thus takes property under a fraudulent conveyance, takes it with an implied obligation or agreement that the debts of creditors of the grantor may be satisfied out of it, and, in view and by virtue of this implied obligation and agreement, the creditor has six years in which to sue for the value of the property, just as the debtor would have but for his fraud, and as he does have in case of property illegally detained or converted from the debtor or owner."
 
 
 16
 The statute of limitations commences to run when the interest in property is transferred. As to the creditors, the property continues in the debtor, and it or its proceeds are liable to the creditors' demands. It is as if the fraudulent transferee had converted the property, and the cause of action accrues when the conversion took place.
 
 
 17
 In the present case, since the parties stipulated that the property was not worth substantially more than the amount due on the 1956 deed of trust, nothing of value could have been converted by the execution of the warranty deed in 1960 in satisfaction of the deed of trust. If any conversion took place, it was in 1956 when the deed of trust was executed and delivered to Lynn Hawkins. That is when the one and only cause of action accrued. After the statute of limitations had run, the transferee was vested with good title. No new cause of action could have arisen.
 
 
 18
 Appellant further contends that the 1960 warranty deed was the final overt act of a fraudulent conspiracy and that the statute of limitations did not commence to run until the conspiracy was concluded. This contention conflicts with T.C.A. § 23-1006, entitled "Limitation of Actions," which provides in pertinent part that the statute of limitations commences to run when the creditor has a right to test the validity of the conveyance. Ramsey v. Quillen, 73 Tenn. 184 (1880). As stated above, appellant's right to test the validity of the deed of trust on the Haywood County property, the only conveyance of a substantial interest, accrued on the date when that deed of trust was executed and filed for record. T.C.A. § 23-1001.
 
 
 19
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Sec. 28-309 T.C.A.:
 "* * * [A]nd actions on contracts not otherwise expressly provided for, shall be commenced within six (6) years after the cause of action accrued."
 Sec. 28-310 T.C.A.:
 "* * * [A]nd all other cases not expressly provided for, shall be commenced within ten (10) years after the cause of action accrued."