**UNITED STATES of America, Plaintiff,**

v.

**John SHEPHERD, Individually and as Substitute Trustee; Slygo Farms, Inc.; Clifton Royce Harvey; Dora Harvey; and DHR Farm Co., Defendants.**

Civ. A. No. 5:92–CV–178–C.

United States District Court,
N.D. Texas,
Lubbock Division.

Aug. 5, 1993.

Edwin Scott Frost, U.S. Attys. Office, Lubbock, TX, for plaintiff.

John L. Shepherd, trustee.

James Ray Caton, Seminole, TX, for defendants.

## ORDER

CUMMINGS, District Judge.

After hearing the testimony and reviewing the exhibits admitted into evidence, the Court makes the following findings of fact:

1. The Court refers to and incorporates herein the stipulated facts contained in the Joint Pretrial Order.

2. The purchases of the first liens on Sections 686 and 687, Block D, John H. Gibson Survey, Yoakum County, Texas (hereafter referred to as Sections 686 and 687) by Slygo Farms, Inc. were effected for the purpose of foreclosing the liens to cut off the junior liens held by Plaintiff.

3. The foreclosure sales purportedly held on February 5, 1991, March 5, 1991, and May 7, 1991, were not conducted or were not properly conducted by Defendant John Shepherd so as to ensure that Defendant Slygo

Farms, Inc. became the owner of Sections 686 and 687 and to cut off the junior liens held by Plaintiff.

4. The foreclosure sales noticed for February 5, 1991, March 5, 1991, and May 7, 1991, were never conducted by Defendant John Shepherd.

5. The foreclosure sales noticed for February 5, 1991, March 5, 1991, and May 7, 1991, if conducted, are void or voidable in that the sales were not properly conducted by Defendant John Shepherd.

6. The foreclosure sales noticed for February 5, 1991, March 5, 1991, and May 7, 1991, if conducted, are void or voidable in that proper notices were not given or posted prior to the sales.

7. The foreclosure sales noticed for February 5, 1991, March 5, 1991, and May 7, 1991, if conducted, are void or voidable in that the filing of Transfers and Assignments of Liens by Defendant Slygo Farms, Inc., was intentionally delayed to mislead the Plaintiff as to the identity of the holders of the liens to prevent the Plaintiff from taking action to protect its liens on Sections 686 and 687.

8. The foreclosure sales noticed for February 5, 1991, March 5, 1991, and May 7, 1991, if conducted, are void or voidable in that the Notices of Sales were not posted or were not posted in the proper place or were posted then pulled repetitively to intentionally mislead Plaintiff from attending the foreclosure sales to protect its liens.

9. The foreclosure sales noticed for February 5, 1991, March 5, 1991, and May 7, 1991, if conducted, are void or voidable in that Defendant Clifton Royce Harvey intentionally allowed the debt secured by Sections 686 and 687 to become delinquent to allow Defendant Slygo Farms, Inc., to foreclose on Sections 686 and 687.

10. The foreclosure sales noticed for February 5, 1991, March 5, 1991, and May 7, 1991, if conducted, are void or voidable in that the Trustee's Deeds filed and executed by Defendant John Shepherd, allegedly conveying Sections 686 and 687 to Defendant

**178**

Slygo Farms, Inc., contain false and misleading information.

11. The Trustee's Deeds filed by Defendant John Shepherd on March 28, 1991, purportedly evidencing foreclosure sales on February 5, 1991, and March 5, 1991, were intentionally filed in order to mislead Plaintiff as to the status of title to Section 686 and 687, in furtherance of a scheme by Defendants to defraud, hinder, or delay the United States from recovering its collateral.

12. The foreclosure sales noticed for February 5, 1991, March 5, 1991, and May 7, 1991, if conducted, are void or voidable in that the consideration received at the alleged foreclosure sales was grossly inadequate in relation to the value of Sections 686 and 687.

13. The foreclosure sales which culminated in the Trustee's Deeds to Defendant Slygo Farms, Inc. are void or voidable, thus the resulting Warranty Deed to Defendant Dora Harvey is void as well.

14. Defendant Dora Harvey is not a bona fide purchaser in that she had actual and/or constructive knowledge that the foreclosure sales conducted by Defendant John Shepherd were not properly noticed or conducted.

15. The judgment entered on or about July 20, 1992, by the 121st District Court of Yoakum County, Texas, is void or voidable and should be set aside as Defendants John Shepherd and DHR Farm Co. knew or should have known that the United States claimed an interest to the subject property, yet failed to serve the United States with the citation or name the United States as a party defendant.

16. The following acts were part of a scheme by Defendants to defraud, hinder, or delay the United States from recovery of its collateral:

a. The formation of Slygo Farms, Inc., and DHR Farm Co.;

b. The purchasing of prior liens by Slygo Farms, Inc.;

c. The delay in recording Transfers of Liens;

d. The failure to properly post Notices of Sale;

e. The improper foreclosure procedures used by Defendant John Shepherd;

f. The repetitive filing of false and misleading Trustee's Deeds by Defendant John Shepherd;

g. The purchasing of Sections 686 and 687 by Slygo Farms, Inc.;

h. The grossly inadequate consideration received at the alleged foreclosure sales;

i. The conveyance of Sections 686 and 687 to Dora Harvey; and

j. The subsequent conveyance of said property by Dora Harvey to DHR Farm Co.

17. The scheme to defraud the United States from recovery of its collateral was orchestrated and controlled by Defendant John Shepherd, with the knowledge and consent of the named Defendants.

18. The United States relied on the Defendants' acts or omissions to its detriment.

19. The United States suffered damages based on the Defendants' acts or omission to act which were relied upon by the United States.

Based upon the above findings, the Court makes the following conclusions of law:

1. Transfers made after September 1, 1987, are governed by the Uniform Fraudulent Transfer Act ("UFTA"), Tex.Bus. & Com.Code Ann. §§ 24.001, *et seq.* (West 1987). *Matter of Holloway,* 955 F.2d 1008, 1010 (5th Cir.1992). However, as some of the actions by the Defendants occurred subsequent to the effective date of the Federal Fraudulent Conveyance Act, 28 U.S.C. §§ 3301, *et seq.,* and since the actions complained of by the United States are part of a continuous scheme to defraud the United States, the federal act is also applicable.

2. The principles codified by the UFTA and its predecessor, the Texas Fraudulent Transfer Act, were established by case law prior to their effective dates and, indeed, the right to recovery for fraudulent conveyances is a common law right which exists independent of statute. *Hadlock v. Eric,* 23 F.Supp. 692, 693 (S.D.N.Y.1938).

■ 3. A transfer made by a debtor is fraudulent if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor. Uniform Fraudulent Transfer Act, § 24.005(a)(1); *Colonial Leasing Co. of New England, Inc. v. Logistics Control Group Int'l*, 762 F.2d 454, 458 (5th Cir.1985) (discussing Texas Fraudulent Transfer Act). *See also* 28 U.S.C. § 3304.

■ 4. Since direct proof of fraud often is not available, courts may rely on circumstantial evidence to establish fraudulent intent. *Roland v. United States*, 838 F.2d 1400 (5th Cir.1988) (citing *United States v. Chapman*, 756 F.2d 1237, 1240–41 (5th Cir.1985); *Williams & Chastain v. Laird*, 32 S.W.2d 502, 505 (Tex.Civ.App.1930)).

■ 5. Fraud is, in its very nature, not discernible by the direct evidence of the senses and is usually so covert or attended with such attempts at concealment as to be incapable of proof other than by circumstantial evidence. Its existence, in a given case, may be proved either by intrinsic evidence of unfairness in the transaction itself, or by evidence of facts and circumstances attending the transaction that, by the ordinary test by which people judge the motives to action, appear inconsistent with an honest purpose. 41 Tex.Jur.3d, *Fraud and Deceit*, Section 107, page 389 (citing *Morgan v. Arnold*, 441 S.W.2d 897 (Tex.Civ.App.1969, writ ref'd n.r.e.)).

■ 6. When several indicia of fraud are found, they can form a proper basis for an inference of fraud. *Roland, supra*, 838 F.2d at 1403 (citing *Chapman, supra*, 756 F.2d at 1243; *United States v. Fernon*, 640 F.2d 609, 613 (5th Cir.1981)).

7. Such indicia of fraud are known as badges of fraud, i.e., evidence of fraud or a means of establishing fraudulent intent, *Texas Sand Co. v. Shield*, 381 S.W.2d 48, 53 (Tex.1964), and include:

(1) the debtor's transfer of valuable property without consideration;

(2) a close personal relationship between the parties to the conveyance;

(3) the debtor's retention of possession and indicia of ownership of the property; and

(4) the debtor's transfer of all of his property, especially if to different members of his family, leaving him unable to pay his debts.

*Roland v. United States, supra*, 838 F.2d at 1403.

■ 8. While evidence of blood relationship between the grantor, a debtor, and the grantee in itself does not conclusively show fraud, such relationship may be of importance when coupled with other circumstances that tend to show fraudulent intent. *Texas Sand Co. v. Shield*, 381 S.W.2d 48 (Tex.1964, writ ref'd n.r.e.).

9. In determining actual intent, Texas has statutorily provided the following factors for consideration:

(1) the transfer or obligation was to an insider;

(2) the debtor retained possession or control of the property transferred after the transfer;

(3) the transfer or obligation was concealed;

(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) the transfer was of substantially all the debtor's assets;

(6) the debtor absconded;

(7) the debtor removed or concealed assets;

(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Uniform Fraudulent Transfer Act, § 24.-005(b).

10. Badges of fraud are more or less strong or weak according to their nature and the number concurring in the same case. Although badges of fraud are not conclusive, a concurrence of many in the same case will always make out a strong case of fraud. *Adams v. Wilhite*, 636 S.W.2d 851, 856 (Tex. Civ.App.—Tyler, 1982), *rev'd on other grounds*, 640 S.W.2d 875.

11. The acts and omissions of Defendant John Shepherd, coupled with the irregular circumstances surrounding the alleged foreclosure sales, constitute fraud on the United States.

■ 12. If the intent of the transferor to delay, hinder, or defraud his creditors is known to the purchasers, or if the purchaser had constructive notice of this intent, the transfer in question is voidable, even where valuable consideration is paid. *Adams v. Wilhite, supra*, 636 S.W.2d at 855.

■ 13. If the purchaser knows facts which would put a reasonably prudent person on inquiry and if diligence would lead to knowledge of the transferor's fraudulent intent, the purchaser is charged with constructive notice of the intent and is not protected. *Adams v. Wilhite, supra*, 636 S.W.2d at 855 (citations omitted).

■ 14. A transfer in fraud of creditors is voidable in the general sense that good title may be passed to a transferee who does not have notice of the fraud, and void in the very limited sense that creditors may otherwise treat the transferred property as though the transfer had never taken place. *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1272–73 (5th Cir.1983) (citing *Texas Sand Co. v. Shield, supra*, 381 S.W.2d at 55).

■ 15. The basic principle of a fraudulent transfers act is that, as to the creditors, the property continues in the debtor, and it or its proceeds are liable to the creditors' demands. *In re MortgageAmerica Corp., supra*, 714 F.2d 1266 at 1273 (quoting *Hallack v. Hawkins*, 409 F.2d 627, 630 (6th Cir.1969)).

■ 16. Defendants Slygo Farms, Inc., Dora Harvey, and DHR Farm Co. had actual and constructive knowledge of the fraudulent intent surrounding the transfers of Sections 686 and 687, and thus the transfers are void.

17. Although a legal presumption of regularity exists in judicial sales, ". . . this same presumption does not prevail as to trustee's sales under power granted by deeds of trust, since the exercise of the power of sale is a harsh remedy and can only be exercised by strictly complying with the terms and conditions of the note. . . ." *Crow v. Heath*, 516 S.W.2d 225, 228 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.); *Purnell v. Follett*, 555 S.W.2d 761, 763 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ).

18. The foreclosure sales of Sections 686 and 687, allegedly conducted by Defendant John Shepherd, were not properly conducted, and are void.

■ 19. A transfer by a debtor may also be void with respect to an existing creditor if not made for fair consideration. *Colonial Leasing Co. v. Logistics Control Group Int'l*, 762 F.2d 454, 458 (5th Cir.1985); Uniform Fraudulent Transfer Act, § 24.005(a)(2).

■■ 20. Inadequacy of the consideration received on a foreclosure sale cannot alone invalidate an otherwise valid deed of trust, nonjudicial foreclosure on real estate. In order for inadequacy of consideration to have that effect, there must be some irregularity in the foreclosure which caused or contributed to cause the real property to be sold for a grossly inadequate price. *FDIC v. Myers*, 955 F.2d 348, 350 (5th Cir.1992); *Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1503 (5th Cir.1989) (citing *Tarrant Sav. Ass'n v. Lucky Homes, Inc.*, 390 S.W.2d 473, 375 (Tex.1965); *American Sav. & Loan Ass'n v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975) (remainder of citations omitted)).

■ 21. The fact of inadequacy of consideration may constitute evidence bearing on some other ground for avoiding the sale. Where there is proof of inadequacy of price coupled with a circumstance tending to establish a wrongdoing, the sale may be set aside. *Crow v. Heath, supra*, 516 S.W.2d at 228.

22. Evidence of irregularity, though slight, which causes or contributes to a grossly inadequate price, is grounds for setting aside a sale. *FDIC v. Myers, supra,* 955 F.2d at 350; *Purnell v. Follett, supra,* 555 S.W.2d at 764. The greater the inadequacy of price, the slighter need be the circumstances of fraud, accident, or mistake. *Rio Delta Land Co. v. Johnson,* 566 S.W.2d 710 (Tex.Civ.App.—Corpus Christi 1978, ref'd n.r.e.); *Charter Nat'l Bank–Houston v. Stevens,* 781 S.W.2d 368 (Tex.Civ.App.—Houston [14th Dist.] 1989, writ denied).

23. The consideration received from Defendant Slygo Farms, Inc. at the alleged foreclosure sales of Sections 686 and 687 was grossly inadequate. The subsequent transfers of said property to Defendant Dora Harvey and Defendant DHR Farm Co. were likewise for grossly inadequate consideration.

24. A "creditor" under the UFTA is defined as a person who has a claim. A "claim" is defined as "a right to payment or property, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Gulley v. Sunbelt Sav., F.S.B.,* 902 F.2d 348, 350 (5th Cir.1990) (citing UFTA, § 24.002(3)(4)). *See also* 28 U.S.C. § 3301(4).

25. The United States, on behalf of its agency the FmHA, was a creditor of Defendant Clifton Royce Harvey at the time of the alleged transfer of Sections 686 and 687 to Defendant Slygo Farms, Inc.

26. A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe the debtor was insolvent. Tex.Bus. & Com.Code Ann. § 24.006(b).

27. An "insider" is defined as (i) a relative of the debtor or of a general partner of the debtor; (ii) a partnership in which the debtor is a general partner; (iii) a general partner in a partnership described in subparagraph (ii); or (iv) a corporation of which the debtor is a director, officer, or person in control. Tex.Bus. & Com.Code Ann. § 24.002(7). *See also* 28 U.S.C. § 3301(5).

28. The UFTA's description of "insider" is not intended to limit an insider to the four listed subjects. Instead, the drafters provided the list for purposes of exemplification. An "insider" generally is an entity whose close relationship with the debtor subjects any transactions made between the debtor and such entity to heavy scrutiny. *In re Holloway, supra,* 955 F.2d at 1010 (citing *J. Michael Putman, M.D.P.A. Money Purchase Pension Plan v. Stephenson,* 805 S.W.2d 16, 18 (Tex.Civ.App.—Dallas 1991, no writ); 2 Collier on Bankruptcy, ¶ 101.31 at 101–87 (15th ed. 1991)).

29. Defendants Slygo Farms, Inc., Dora Harvey, and DHR Farm Co. were insiders, thus making the transfers of Sections 686 and 687 to said defendants voidable as fraudulent conveyances.

30. The United States was entitled to notice of the Declaratory Judgment action filed by Defendant John Shepherd in the 121st District Court of Yoakum County, Texas, as mandated by 28 U.S.C. § 2410(b). The use of the term "may" in section 2410(a) is permissive only to the extent that sovereign immunity has been waived for actions brought under that section. *See generally United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Further, the United States filed its Notice of Lis Pendens and Complaint prior to said judgment becoming final.

31. The judgment entered on July 20, 1992, by the 121st District Court of Yoakum County, Texas, adjudging fee simple title in Sections 686 and 687 in favor of DHR Farm Co. is void.

Judgment shall be entered for Plaintiff, UNITED STATES OF AMERICA, in accordance with the above findings of fact and conclusions of law. Defendants shall bear all costs of court.

IT IS SO ORDERED.

### *JUDGMENT*

The Court on this date has entered an order making findings of fact and conclusions of law concerning the above-styled and

182

-numbered cause. For the reasons set forth in the order, the Court renders the following judgment:

It is ORDERED, ADJUDGED, and DE-CREED that Plaintiff, UNITED STATES OF AMERICA, shall have and is hereby given declaratory judgment as against Defendants, JOHN SHEPHERD, Individually and as Substitute Trustee, SLYGO FARMS, INC., CLIFTON ROYCE HARVEY, DORA HARVEY, and DHR FARM CO., as follows:

1. The foreclosure sales purportedly held February 5, 1991, March 5, 1991, and May 7, 1991, regarding Sections 686 and 687, Block D, John H. Gibson Survey, Yoakum County, Texas, are void and are hereby set aside.

2. The purported transfers of title to Sections 686 and 687, Block D, John H. Gibson Survey, Yoakum County, Texas, to Defendants, SLYGO FARMS, INC., CLIFTON ROYCE HARVEY, DORA HARVEY, and DHR FARM CO., are void and are hereby set aside.

3. The judgment entered on July 20, 1992, by the 121st District Court of Yoakum County, Texas, adjudging fee simple title to Sections 686 and 687, Block D, John H. Gibson Survey, Yoakum County, Texas, in favor of DHR FARM CO. is void as against any claim or lien of the UNITED STATES OF AMERICA.

All court costs are taxed against Defendants.