IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60825
Conference Calendar
_____

HARRY W. VINSON; BRAD VINSON,

Plaintiffs-Appellants,

versus

DOROTHY WINSTON COLOM,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CV-62-B-D
--------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:*

Harry W. and Brad Vinson ("the Vinsons") appeal the district court's Fed. R. Civ. P. 12(b)(6) dismissal of their claims against Dorothy Winston Colom ("Colom"), a Mississippi Chancery Court judge. The Vinsons' 42 U.S.C. § 1983 complaint alleged that Colom had violated the Vinsons' constitutional rights by issuing a preliminary injunction order in a Chancery-Court case.

"Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction." MCG, Inc. v. Great W. Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"The issue may be raised by parties, or by the court sua sponte, at any time." Id.

Federal district courts lack jurisdiction to engage in appellate review of state-court judgments. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). "Constitutional questions arising in state proceedings are to be resolved by the state courts." Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994). The constitutional issues presented in the Vinsons' § 1983 action are inextricably intertwined with the Chancery Court's preliminary injunction order. Accordingly, the Vinsons' action constituted a request that the district court review a state-court decision. See United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994).

In light of the foregoing, the judgment of the district court is affirmed on the ground of lack of subject-matter jurisdiction. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (court of appeals may affirm district court's judgment on any basis supported by the record).

AFFIRMED.