IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60784
Summary Calendar
_____

RICKEY E. GEORGE, by and through his
next friends, Bill H. Cockrell and
Harry W. Vinson,

                                              Plaintiff-Appellant,

versus

JOHN C. ROSS, JR.; JACQUELINE ESTES MASK; CHARLES THOMAS; WILLIAM
(BILL) BENSON, and his agents and his assigns and his Insurance
Carrier, State Farm Fire and Casualty Co.; MICHAEL BERTHAY, and
his Insurance Carrier to be named after Discovery; VETERAN'S
ADMINISTRATION HOSPITAL, Jackson, Mississippi, and its
Administrator, and its John Doe Insurance Carrier to be named
after Discovery; MISSISSIPPI STATE HOSPITAL AT WHITFIELD,
MISSISSIPPI, and its John Doe Insurance Carrier to be named after
Discovery; ALL OTHERS UNKNOWN; JAMES CHASTAIN; RICHARD MILLER;
STATE FARM FIRE AND CASUALTY COMPANY, agents and assigns and
Insurance Carrier of William (Bill) Benson; G.V. (SONNY)
MONTGOMERY Veterans Administration Medical Center, Jackson,
Mississippi, and its Administrator, and its John Doe Insurance
Carrier to be named after Discovery,

                                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CV-119-P
--------------------
July 19, 2001
Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Rickey E. George appeals the district court's dismissal of his

civil action for damages filed under 42 U.S.C. §§ 1983 and 1985

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

against numerous defendants after a state civil proceeding resulted in his commitment to a state psychiatric facility due to his threats of violence. He argues that the district court erred in dismissing his claims against Judges Charles D. Thomas, Jacqueline E. Mask, and John C. Ross. Because George has not alleged facts sufficient to support his claims that Thomas, Mask, and Ross were not acting in their official capacity or were acting in the absence of all jurisdiction, he has not shown that the district court erred in holding that they were entitled to absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

George argues that the district court erred in dismissing his claims against William Benson and his surety, State Farm Insurance Company. The district court's judgment may be affirmed on any ground supported by the record. See Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992). Benson was entitled to qualified immunity for his actions taken in the scope of his official duties as George has not alleged sufficient facts to state a claim that Benson violated a specific constitutional right of George by accepting pleadings for filing in the state commitment proceeding. See Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Acoustic Sys., Inc. v. Wenger Corp., 207 F.3d 287, 293-94 (5th Cir. 2000); Williams v. Wood, 612 F.2d 982, 985 (5th Cir 1980). Further, Benson had no authority or duty under Mississippi state law to set a hearing for Benson's state habeas petition. See Miss. Code Ann. § 11-43-15 (2001); Brooks v. George County, Miss., 84 F.3d 157, 169 (5th Cir. 1996). To the extent that George sought review of the state commitment proceeding, the district court did not err in

dismissing his action for lack of jurisdiction under the Rooker-Feldman doctrine.  United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994)(citing Rooker v. Fid. Trust Co., 263 U.S. 413, 415 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)).

George argues that the district court erred in setting aside the default judgment against Michael Berthay and in dismissing his claims against Berthay. George was not entitled to a default judgment as of right even if Berthay was technically in default. See Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).  Berthay filed a motion to set aside the default judgment immediately after learning of the default judgment setting forth the reasons for his failure to file a responsive pleading; further, Berthay subsequently filed a responsive pleading which the district court considered timely filed.  George has not shown that the court abused its discretion in setting aside the default judgment.  See id.  Because George was seeking review of the state court commitment proceeding, the district court did not err in dismissing his claim against Berthay due to lack of jurisdiction under the Rooker-Feldman doctrine.  See Shepherd, 23 F.3d at 924.  George did not allege sufficient facts to state a claim that Berthay conspired with other defendants with the specific intent to violate his constitutional rights under 42 U.S.C. §§ 1983 and 1985.  See Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999).

George argues that the district court erred in dismissing his claims against Mississippi State Hospital and its administrator, James Chastain, and the G.V.(Sonny) Montogmery V.A. Medical Center

and its administrator, Robert Miller. Because George failed to allege sufficient facts to state a claim that these defendants acted in concert with the specific intent to violate his constitutional rights based on his race or class, he has not shown that the district court erred in dismissing this claim. See id.

George argues that the district court erred in granting the motion to stay discovery filed by Judges Thomas, Mask, and Ross. Because the district court stayed discovery of issues not related to the immunity defense and because George did not allege sufficient facts to overcome these defendants' judicial immunity defense, he has not shown that the district court erred granting the defendants' motion to stay discovery. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990).

George argues that the district court erred in holding that Harry Vinson and Bill Cockrell would not be permitted to assist him during proceedings in open court or in chambers in the instant case. Because Vinson and Cockrell are not attorneys licensed to practice in Mississippi or any other state, the district court did not err in holding that George had no right to have them assist him during proceedings in this case. See Wheat v. United States, 486 U.S. 153, 158 (1988); In re Estate of Dabney, 740 So. 2d 915, 921-22 (Miss. 1999)(Miss. Code Ann. § 73-3-55 outlaws the practice of law without a license).

AFFIRMED.