United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30102
Conference Calendar

_____

GEORGE A. JARRETT, JR.,

                                        Plaintiff-Appellant,

versus

LLOYD'S OF LONDON; XYZ INSURANCE COMPANY;
CAPITOL AREA LEGAL SERVICES CORPORATION, INC.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 03-CV-1057-C
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

George A. Jarrett, Jr., Louisiana prisoner # 339218, has

filed a motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> (IFP) after the

district court certified that he could offer no nonfrivolous

issue for appeal.  <u>See</u> 28 U.S.C. § 1915(e); <u>Baugh v. Taylor</u>, 117

F.3d 197, 202 (5th Cir. 1997).

The district court properly concluded that under the <u>Rooker-</u>

<u>Feldman</u> doctrine it had no jurisdiction to consider Jarrett's

challenge to a state-court summary judgment dismissing a legal

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

malpractice claim. See United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923)). Accordingly, Jarrett identifies no nonfrivolous issue for appeal. We uphold the district court's certification that the appeal presents no nonfrivolous issues. Jarrett's motion for IFP status is DENIED. Because the appeal is frivolous, it is DISMISSED. See Baugh, 117 F.3d at 202 n.24; Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Any other outstanding motions are DENIED.

The dismissal of Jarrett's complaint and the dismissal of this appeal as frivolous each count as a strike for the purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Jarrett that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) WARNING ISSUED; ALL OTHER MOTIONS DENIED.