**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 93-1892

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN SHEPHERD, Individually
and as Substitute Trustee, ET AL.,

Defendants-Appellants.

---

Appeal from the United States District Court
for the Northern District of Texas

---

( June 14, 1994 )

Before JOHNSON, BARKSDALE and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

This case raises the issue of whether a federal district court had jurisdiction to set aside and void a state court judgment. Concluding that the federal district court did not have jurisdiction, we reverse.

## Background

The government filed suit on behalf of the Farmers Home Administration ("FmHA") in the United States District Court for the Northern District of Texas, Lubbock Division, seeking, *inter alia*, to set aside and void a previous judgment by the 121st Judicial

District Court of Yoakum County, Texas.  The state court judgment confirmed the validity of a series of foreclosure sales, one of which extinguished a junior lien held by the FmHA on two pieces of property in Yoakum County.  The essence of the government's complaint in federal court was that John Shepherd and others had engaged in a scheme to extinguish the FmHA's junior lien by purchasing superior liens and conducting fraudulent foreclosure sales.

The federal district court exercised jurisdiction over the government's action and ultimately entered a judgment voiding the state judgment as to the FmHA's lien.  Shepherd and the other interested parties have appealed, contending, *inter alia*, that the federal district court lacked jurisdiction.  We agree.

**Discussion**

The Rooker/Feldman doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments.[1]  A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief.  If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in

---

[1]Liedtke v. State Bar of Texas, No. 92-2623, 1994 WL 93192, at 2 (5th Cir. Apr. 8, 1994); See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923) (the jurisdiction of the District Court "is strictly original"); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 and 482, 103 S. Ct. 1303, 1311 and 1315 (1983) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings").

2

essence being called upon to review the state-court decision,"[2] and the originality of the district court's jurisdiction precludes such a review.

In this instance, the federal district court exercised jurisdiction over claims relating to the ownership of the Yoakum County property. Ultimately the court set aside and voided the state judgment insofar as it related to the FmHA's asserted interest in the property. In accordance with the plain dictates of the Rooker/Feldman doctrine, we hold that the district court had no jurisdiction to review or disturb the Yoakum County judgment. Therefore, the state court's conclusion that the FmHA's lien had been validly extinguished remains intact.

The government argues that the state judgment is void and therefore subject to collateral attack.[3] However, in Texas, when a collateral attack is made on a judgment, the error which is alleged to render the judgment void must appear on the face of the court record.[4] Having reviewed the state court record, we conclude

---

[2]Feldman, 103 S. Ct. at 1315 n. 16; see Liedtke, at *2 (citing cases).

[3]See Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985) (recognizing that only void judgments are subject to collateral attack in Texas).

[4]Martin v. Stein, 649 S.W.2d 342, 345 (Tex. App.--Fort Worth 1987, writ ref'd n.r.e.); E.D. Systems Corp. v. Southwestern Bell Tel., 674 F.2d 453, 457 (5th Cir. 1982).

3

that it contains no error of the sort that would render the state judgment void.[5]

Although the government presented evidence to the federal court indicating that Shepherd and others may have engaged in fraud, none of this evidence was made a part of the state court record. And although the government contends that it was not aware of the state court proceedings at the time, and thus had no opportunity to present this evidence to the state court, we find this contention hollow.

At the time the government filed its rather long and detailed complaint in federal court, the state judgment was only 21 days old. The government appended as exhibits to its complaint all of the relevant documents from the state court proceedings, including the state judgment itself. We find it more than a fortuity that the government's filing of the instant suit came so closely on the heels of the signing of the state judgment.

Even if we give the benefit of the doubt to the government and assume that it had no knowledge of the filing of the state court action and that it found out about the state court judgment only after it was entered, we nevertheless conclude that the government, by bringing this action in federal court, made the conscious

_____

[5]In Texas, a judgment is void only if it is shown that the rendering court (1) lacked jurisdiction over the party or his property; (2) lacked jurisdiction over the subject matter of the suit; (3) lacked jurisdiction to enter the particular judgment rendered; or (4) lacked the capacity to act as a court. Placke, 698 S.W.2d at 363. Errors that do not relate to these jurisdictional deficiencies render a judgment merely voidable, and correction of such errors must occur, if at all, on direct attack. Id.

decision to forego several potentially effective state court remedies. The first would have been for the government to raise its fraud claims in a motion for new trial. At the time the government filed suit, the state court had at least nine more days of plenary power in which it could have vacated the judgment and ordered a new trial if persuaded of the validity of the government's claim.[6] Moreover, Texas allows a defendant who did not appear in person or by an attorney of his choice to file a motion for new trial as late as two years after the judgment was signed, if the judgment was rendered on service of process by publication, as it was in this case.[7] Texas also allows for a bill of review proceeding in which one can attack a final judgment as late as four years after the date the judgment was signed.[8] Finally, Texas allows a party who did not participate in the trial of a case to attack a final judgment up to six months later by filing a writ of error in an intermediate appellate court.[9]

It may be that the government has now forfeited some of these remedies by failing to exercise its rights in the state court. However, such a forfeiture cannot be blamed on anyone but the

---

[6]TEX. R. CIV. P. 320.

[7]TEX. R. CIV. P. 329.

[8]Williams v. Adams, 696 S.W.2d 156 (Tex. App.--Houston [14th Dist.] 1985, writ. ref'd n.r.e.).

[9]TEX. R. APP. P. 45(d).

government.  The government made the conscious decision to ignore the state court's jurisdiction, and now it must live with the consequences of that decision.

The district court's judgment is REVERSED and the cause REMANDED with instructions to DISMISS for lack of jurisdiction.