IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60451
Conference Calendar

_____

RONALD JASON FERGUSON,

Plaintiff-Appellant,

versus

KEITH STARRETT,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CV-190-L-H
- - - - - - - - - -
October 24, 1996

Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Ronald Jason Ferguson (Mississippi prisoner # 82238) appeals the district court's dismissal of his suit as barred by the doctrine of absolute judicial immunity. Because Ferguson sought injunctive relief rather than monetary damages, the district court erred by employing the doctrine of absolute judicial immunity. *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir.),

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

*cert. denied*, 474 U.S. 1037 (1985). Nevertheless, reversal is unnecessary as the district court lacked subject-matter jurisdiction over the case. *See Bickford v. Int'l Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981) (reversal is inappropriate if ruling of district court can be affirmed on any grounds, regardless of whether those grounds were used by district court).

Under the *Rooker/Feldman* doctrine, federal district courts lack subject-matter jurisdiction to review state court judgments. *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). If the issues raised in the federal district court are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision," and the court lacks jurisdiction to conduct such a review. *Shepherd*, 23 F.3d at 924 (internal quotations and citations omitted). A plaintiff cannot circumvent this jurisdictional limitation by framing his complaint in the form of a civil rights action under § 1983. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), *cert. denied*, 115 S. Ct. 271 (1994).

Ferguson sought federal review of the state-court decision to rescind his participation in Mississippi's shock-probation program. Under the *Rooker/Feldman* doctrine, the district court lacked jurisdiction to hear the claims. *See Liedtke*, 18 F.3d at

317-18. Because the district court lacked jurisdiction, the appeal is without merit.

AFFIRMED.