IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51060
Conference Calendar
_____


LESROY JOSEPH,

                                        Plaintiff-Appellant,

versus

ROY HOLIDAY, Manager - Wallburg State Bank;
CHRIS R. HERNDON, Investigator,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-344-SS
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Lesroy Joseph, Texas inmate # 831595, proceeding *pro se* and *in forma pauperis*, appeals the district court's summary-judgment dismissal of his 42 U.S.C. § 1983 complaint.  Joseph's motions to strike Appellee Herndon's computer disk and for *en banc* hearing are DENIED.  Joseph's motion for reconsideration is construed as a motion for leave to file an out-of-time reply brief and is GRANTED.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's grant of a summary judgment motion *de novo*, using the same criteria used by the district court. *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992). We may affirm the district court's judgment on alternative grounds. *See Johnson v. McCotter*, 803 F.2d 830, 834 (5th Cir. 1986) (citing *Bickford v. Int'l Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981)).

"The *Rooker-Feldman*[**] doctrine holds that federal district courts lack jurisdiction to entertain collateral attacks on state judgments." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (footnote omitted). If the district court must examine issues that are "inextricably intertwined with a state judgment, the [district] court is in essence being called upon to review the state-court decision, and the originality of the district court's jurisdiction precludes such a review." *Id.* (internal quotations omitted). Under the *Rooker-Feldman* doctrine, Joseph may not attempt to invalidate the state court judgment in the forfeiture proceeding in federal court. *See id.* Accordingly, the judgment of the district court is affirmed. *See Johnson*, 803 F.2d at 834.

AFFIRMED; MOTIONS TO STRIKE DISK AND FOR EN BANC HEARING DENIED; MOTION TO FILE OUT-OF-TIME REPLY BRIEF GRANTED.

---

[**] *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 482 (1983).