IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30547
Conference Calendar
_____


O'NEAL BOSLEY,

                                        Plaintiff-Appellant,

versus

MARVIN MONTGOMERY; DANA LARPENTUER; JAMES
BEST, Judge; LOLA SCOIRTINO, individually,
and On behalf of the estate of Lynndale Scoirtino;
On behalf of Lynndale Scoirtino,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-145-B
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     O'Neal Bosley (Bosley) appeals the district court's

dismissal of his civil rights complaint based upon lack of

subject matter jurisdiction.  A district court's dismissal for

lack of subject matter jurisdiction is reviewed de novo.

Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th

Cir.), cert. denied, 122 S. Ct. 618 (2001).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Federal district courts lack jurisdiction to engage in appellate review of state-court judgments.  See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  The constitutional issues, if any, presented in Bosley's action are inextricably intertwined with the state court's order nullifying its August 4, 1998, order of dismissal.  Accordingly, Bosley's action constituted a request that the district court review a state court decision.  See United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994).  The district court's dismissal of Bosley's complaint is therefore AFFIRMED on the ground of lack of subject matter jurisdiction.

AFFIRMED.