United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10917
Summary Calendar

_____

VIRGIL F. LIPTAK,

Plaintiff-Appellant,

versus

PAUL BANNER, State Judge; JOHN OVARD, State Judge; CRAIG
FOWLER, Attorney at Law, State Judge; RAY HICKS, Deputy
Sheriff; ELIZABETH THORNHILL; DANIEL SHEEHAN & ASSOCIATES;
DAVID EVANS, State Judge; KERRY THORNHILL; STRASBURGER and
PRICE, LLP; JACKSON & WALKER, LLP,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-953-M
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Virgil F. Liptak appeals from the district

court's dismissal with prejudice of his complaint seeking

declaratory and other relief against the Defendants-Appellees. The

district court dismissed Liptak's complaint on the ground, inter

alia, that the court lacked subject-matter jurisdiction over the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

complaint because it is, in effect, an attempt to litigate and relitigate matters already adjudicated in state or federal court. A district court's dismissal for lack of subject matter jurisdiction is reviewed de novo. See Williams v. Dallas Area Rapid Transit, 242 F.3d 315, 318 (5th Cir. 2001).

Liptak argues on appeal that the Texas "Vexatious Litigant" statute is unconstitutional, and he should have received a jury trial on this issue. Many of the claims in Liptak's complaint, including his challenge to the Texas "Vexatious Litigant" statute, were inextricably intertwined with the state court decisions involving his claims against Elizabeth Thornhill. Accordingly, the district court properly dismissed Liptak's previously-litigated claims for lack of subject-matter jurisdiction. See United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994).

Liptak contends that the district court judge erred in denying Liptak's his request that she recuse herself. Liptak's speculative, unsupported allegations of bias and references to the district court's adverse rulings are insufficient grounds for recusal. See United States v. Mizell, 88 F.3d 288, 299-300 (5th Cir. 1996); United States v. Miranne, 688 F.2d 980, 985 (5th Cir. 1982). The district court did not abuse its discretion by denying Liptak's motion for recusal. See United States v. Harrelson, 754 F.2d 1153, 1165 (5th Cir. 1985).

Liptak also asserts that the district court erred in denying his motion for appointment of counsel. As Liptak conceded that he

was financially able to afford retained counsel, the district court did not abuse its discretion in refusing to appoint counsel. <u>See</u> <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 212 (5th Cir. 1982).

Liptak also complains that the district court improperly dismissed his conspiracy claims as insufficiently pleaded because they were based solely on circumstantial evidence. He mischaracterizes the basis for dismissal. Our examination of the district court's orders of dismissal shows that Liptak's conspiracy claims were properly dismissed because they consisted solely of conclusional allegations, not circumstantial evidence. <u>See</u> <u>Rodriquez v. Neeley</u>, 169 F.3d 220, 222 (5th Cir. 1999).

Accordingly, the district court's judgment is AFFIRMED.