**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**August 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51351
Summary Calendar
_____

THE CADLE COMPANY,

                                     Plaintiff-Appellant,

        versus

THE STATE OF TEXAS; FORT WORTH
COURT OF APPEALS; JOHN CORNYN,
Attorney General, Individually
and as Attorney General of the
State of Texas; JOHN C. ADAMS,
Individually and in his official
capacity as an Assistant Attorney
General; SAM DAY, Honorable, in
his official capacity as Justice
of the Fort Worth Court of Appeals;
JOHN CAYCE, Honorable, in his
official capacity as Judge of the
67th District Court, Tarrant County,
Texas,

                                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-566
_____

Before GARWOOD, DEMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

_____

        [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under

The Cadle Company (Cadle) filed a lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional due-process violations in connection with the issuance and enforcement of a 1996 contempt decree which culminated in a $461,000 contempt sanction. The district court dismissed the suit pursuant to the *Rooker-Feldman*[1] doctrine. The only issues raised on appeal concern whether the district court erred in assessing the allegations of the complaint and whether Cadle's claims are barred by *Rooker-Feldman*. Accordingly, Cadle has waived any argument that the district court erred in its other rulings. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Although the district court was required to accept the allegations of the complaint as true, the district court was not required to accept as true the legal conclusion that the state court judgments were void for lack of jurisdiction. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Contrary to Cadle's arguments, the record reflects that the district court accepted the salient factual allegations as true and did not dismiss the case on account of Cadle's failure to allege its claims with particularity.

The district court did not err in dismissing the suit pursuant

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]*Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 and 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923).

to *Rooker-Feldman*.  Cadle's due-process argument is a constitutional claim arising in a state proceeding that is to be resolved by the state courts, with federal recourse being limited to an application for a writ of certiorari to the United States Supreme Court.  *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).[2]

AFFIRMED.

---

[2]We also note that it is undisputed and apparent from the allegations of the amended complaint that the challenged contempt orders were issued by a court with jurisdiction of the parties and subject matter and jurisdiction to enter the judgment rendered and which had the capacity to act as a court. *See U.S. v. Shepherd*, 23 F.3d 923, 925 n.5 (5th Cir. 1994).  We further observe in this connection that the challenged monetary sanctions imposed thereby were civil, coercive sanctions, not criminal or punitive sanctions, *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 667-68 (Tex. App. Ft. Worth, 2001) (en banc), and that (as is undisputed and is apparent from the allegations of the amended complaint) the Texas courts have rejected Cadle's attacks on the challenged orders as being void. *See id*. at 666 (". . . the Cadle's collaterally attack our 1996 contempt judgment, asserting it is void.  Where, as here, the contemnor is not restrained, mandamus is the proper vehicle for collaterally attacking a contempt judgment . . . . The Cadles have twice attacked our 1996 contempt judgment via petition for writ of mandamus to the Texas Supreme Court on the very grounds they now assert in this appeal.  Both times the supreme court has denied the petitions;" footnotes omitted).

3