United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20637
Conference Calendar

_____

SANDRA PATRICIA MCCORMICK,

                                        Plaintiff-Appellant,

versus

GEORGIA DEMPSTER; LANNA SHADWICK; PAMELA
S. HALLIBURTON; CYNTHIA J. CLINE; COLIN
KELLY MASON, JR.; KIMBERLY MASON; PATRICIA
REIFSLAGER, also known as Patsy Gallant
Reifslager; MICHAEL REIFSLAGER; BEN IRMINI;
JOHN W. HOWELL; POLINA STRUG; CINDY KILBORN;
KEITH NYGREN; KAREN H. MENSCHING; JOSEPH
P. CONDON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-2866
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Sandra Patricia McCormick, proceeding _pro se_, appeals the

district court's dismissal for lack of subject matter

jurisdiction of her 42 U.S.C. § 1983 action, in which she

asserted that her due process rights were violated by a state

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court's entry of a child custody order and another state court's enforcement of that order. McCormick moves to supplement the record with copies of the state court records and asks this court to compel the defendants to provide the relevant records. These motions are DENIED.

McCormick's federal allegations can be construed as requests for review of the state court orders or as issues that are "inextricably intertwined" with those orders. Pursuant to the Rooker/Feldman[**] doctrine, the federal district court lacked jurisdiction to consider McCormick's collateral attack on a state judgment. See United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994); Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986). McCormick has not established that the district court erred in dismissing her claims against the defendants. See John Corp. v. City of Houston, 214 F.3d 573, 576 (5th Cir. 2000); Musslewhite v. State Bar of Texas, 32 F.3d 942, 945 (5th Cir. 1994). The judgment of the district court is therefore AFFIRMED.

---

[**] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).