United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41470
Conference Calendar

_____

MARGARET CHAMBERLAIN,

                              Plaintiff-Appellant,

versus

COURT OF APPEALS, Ninth District, Jefferson County,
Texas (Beaumont); ALFRED S. GERSON, Judge at County
Court at Law No. 1, Jefferson County, Texas (Beaumont,
Texas); GENERAL MOTORS ACCEPTANCE CORPORATION,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-340
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Margaret Chamberlain appeals the district court's dismissal
for lack of subject matter jurisdiction of her 42 U.S.C. § 1983
lawsuit asserting constitutional violations arising out of the
way her state-court lawsuit was processed.  A district court's
dismissal for lack of subject matter jurisdiction is reviewed
de novo.  See Williams v. Dallas Area Rapid Transit, 242 F.3d
315, 318 (5th Cir. 2001).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chamberlain renews her argument that the district court had jurisdiction to review her claims of constitutional deprivations under 28 U.S.C. § 1331, under the Fifth, Seventh, and Fourteenth Amendments, and under 42 U.S.C. § 1983. She also contends that the district court had jurisdiction under FED. R. CIV. P. 60(b) because the state-court judgment was void. This court will not consider this newly raised argument. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc., 200 F.3d 307, 316-17 (5th Cir. 2000).

Chamberlain's complaint is inextricably intertwined with the merits of her state-court suit, and examination of her claims of constitutional deprivations would require the district court to examine the validity of the state courts' rulings. Accordingly, the complaint was properly dismissed for lack of subject matter jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); see also United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994). The district court's judgment is AFFIRMED.