IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

**Charles R. Fulbruge III**
Clerk

No. 07-60603

LINDA A. HAMPTON

Plaintiff - Appellant

v.

REMIGIO SEGURA, In His Capacity of Court Reporter and Individually

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:05-cv-00329-MPM-JAD

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Linda A. Hampton, attorney-at-law appearing pro se, appeals the district court's grant of summary judgment to Defendant-Appellee Remigio Segura, individually and in his official capacity as a certified court reporter. As Hampton has failed to establish genuine issues of material fact regarding her 42 U.S.C. § 1983 claim, we affirm the decision of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

In 2004, Hampton was retained by Walter Coburn to represent him in a dispute over his election as sheriff of Winston County, Mississippi.[1] Coburn and Hampton appeared at the Winston County Courthouse on April 26, 2004, for an initial hearing on the election-related matter, but Winston County Circuit Judge Vernon Cotton postponed this hearing (apparently because of that court's observance of Confederate Memorial Day) until August 27, 2004. Judge Cotton wrote two letters to Hampton informing her of the change of date, but Hampton did not appear at the August 2004 hearing, and did not respond to repeated phone calls from Judge Cotton on the date of the hearing requesting her presence in court.

In September 2004, Judge Cotton found Hampton in criminal contempt for her failure to appear at the August 2004 hearing. Segura served as the court reporter during this contempt proceeding, at which Hampton was present, and prepared a transcript for the purpose of an appeal by Hampton to the Mississippi Supreme Court. In January 2006, that court affirmed Judge Cotton's contempt ruling against Hampton.

By the time of the Mississippi Supreme Court's ruling, Hampton had filed two suits in federal court related to Judge Cotton's decision to hold her in criminal contempt. The first of these suits involved claims by Hampton against a Winston County prosecutor and a justice court judge for, inter alia, refusing to pursue criminal charges against Judge Cotton and Segura. In September 2006, the district court dismissed that suit on summary judgment.

In the instant suit, Hampton has asserted claims directly against Segura alleging that, while acting under color of state law as a court reporter, he deprived her of liberty, due process, and a fair trial by inserting altered and false

---

[1] Coburn was elected sheriff of Winston County in November 2003.

written statements into the transcript of the September 2004 contempt hearing. The district court held that Hampton had failed to establish genuine issues of fact regarding any material alteration of the transcript that might support a finding that Segura had violated Hampton's constitutional rights, and granted Segura's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Hampton timely filed a notice of appeal.

## II. STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo.[2] A motion for summary judgment should be granted only when there is no genuine issue of material fact.[3] In determining whether there is a genuine issue of material fact, we view all facts and draw all inferences therefrom in favor of the non-moving party.[4] But "[w]here the non-moving party fails to establish 'the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' no genuine issue of material fact can exist."[5]

## III. ANALYSIS

Hampton has failed to establish genuine issues of fact regarding any material alterations to the transcript of her September 2004 contempt proceeding in support of her constitutional claims. As we affirm the district court's judgment on this basis, we need not address whether Hampton's claims

---

[2] Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co., 352 F.3d 254, 260 (5th Cir. 2003).

[3] Weeks Marine, Inc. v. Fireman's Fund Ins. Co., 340 F.3d 233, 235 (5th Cir. 2003).

[4] Id.

[5] Whiting v. Univ. of S. Miss., 451 F.3d 339, 344 (5th Cir. 2006) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

are precluded or barred by (1) the Rooker-Feldman doctrine,[6] (2) res judicata and collateral estoppel, or (3) absolute or qualified immunity.

Hampton has offered evidence in the form of affidavits from witnesses present during the September 2004 contempt proceeding, as well as excerpts from her own arguments during this proceeding, in an effort to support her contention that inaccuracies in the trial transcript generated by Segura violated her constitutional rights. We do not dispute that Segura's work as a court reporter at Hampton's September 2004 contempt trial was less than perfect. Hampton does not, however, have a constitutional right to a "totally accurate transcript."[7] Even though Hampton has successfully disputed the accuracy of the transcript produced by Segura, she has failed to explain how the inaccuracies materially altered the transcript such that her constitutional rights were violated. When the subject transcript was reviewed by an independent court reporter at Hampton's request, that reporter found that the "changes that were necessary . . . to the submitted transcript . . . do not in any way materially alter the testimony and evidence . . . ."[8] The district court, after conducting its own review of Segura's transcript and Hampton's exhibits, came to the same conclusion. Similarly, although we can see the flaws in Segura's transcript highlighted by Hampton, we are unable to find any material alterations to the transcript that suggest Segura's inaccurate reporting somehow violated Hampton's constitutional rights. Hampton deems the inaccuracies in the transcript to be conclusive proof that Seguara violated her constitutional rights,

---

[6] See, e.g., United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994) (explaining that, under the Rooker-Feldman doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state judgments").

[7] Loubser v. Thacker, 440 F.3d 439, 445 (7th Cir. 2006) (quoting Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993)).

[8] Emphasis added.

but Segura's negligence in transcription, by itself, is insufficient to support Hampton's § 1983 claim.[9]

## IV. CONCLUSION

Hampton has provided affidavits and witness statements sufficient to impugn the accuracy vel non of Segura's trial transcript, but she has provided no evidence sufficient to establish genuine issues of fact regarding material alterations to the transcript of her September 2004 contempt proceeding such that these inaccuracies violated her constitutional rights. The district court's summary judgment dismissing Hampton's § 1983 claim against Segura is therefore AFFIRMED.

---

[9] See, e.g., Daniels v. Williams, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.").