# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 13-41199

————

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2014

Lyle W. Cayce
Clerk

BARBARA E. HOFFMANN; FRED LULLING,

Plaintiffs–Appellants,

versus

MARION COUNTY, TEXAS; HUMANE SOCIETY OF MARION COUNTY;
JEFFERSON ANIMAL CLINIC; JUDGE PHIL PARKER;
MAGISTRATE LEX JONES; MAGISTRATE VELMA ALLEN;
DISTRICT ATTORNEY WILLIAM GLEASON;
INVESTIGATOR LARRY NANCE; SHERIFF WILLIAM MCCAY;
INVESTIGATOR SHAWN COX; DEPUTY DAVID MCKNIGHT;
GAME WARDEN RICK LANE; EDDIE HAYES, Animal Health Commission;
CAROLINE WEDDING, Humane Society of Marion County;
CAROL HEDGES, Doctor of Veterinary Medicine,

Defendants–Appellees.

————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:12-CV-14

————

No. 13-41199

Before REAVLEY, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Barbara Hoffman and Fred Lulling appeal a summary judgment. They initially sued over a dozen individuals and entities for events related to the search of their property and their subsequent arrest and prosecution for animal cruelty. The district court dismissed all the claims, and we affirm.

I.

Hoffman and Lulling operated a derelict-animal "sanctuary" on their ten-acre property in Marion County, Texas, where they held over one hundred exotic animals, including six tigers, several leopards, and a puma. Game Warden Rick Lane and Deputy Sheriff David McKnight visited the property to investigate complaints that dangerous animals were being kept. They entered the property and approached a trailer, where they were met outside by Hoffman and Lulling.[1] Hoffman admitted to keeping big cats on the property. She showed Lane and McKnight the animals, which had visible injuries and were housed in small cages without adequate food or water. They asked Hoffman whether she had the proper licenses and health certificates for the animals, but she could not produce any.

McKnight visited the property again the next morning with other defendants—District Attorney William Gleason, Investigators Shawn Cox and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Lulling is hearing-impaired, which was immediately apparent to McKnight and Lane. The defendants primarily spoke with Hoffman, who in turn would communicate with Lulling, though Lulling frequently initiated communication with the defendants and seemingly understood what was being said.

No. 13-41199

Larry Nance, Inspector Eddie Hayes, Caroline Wedding from the Marion County Humane Society, and veterinarian Dr. Carol Hedges—and met outside with Hoffman and Lulling. They again observed many obvious violations in how the animals were being held, and Hoffman said she intended to release the big cats into a substandard pen.

Officers ordered Hoffman and Lulling not to release the cats, then obtained a warrant to search the property and seize the animals. Hoffman and Lulling were arrested and charged with animal cruelty and forfeited the animals. Afterward, they sued many of those involved in the events under a cornucopia of legal theories, all of which the district court eventually rejected.

## II.

## A.

In Hoffman and Lulling's principal claim, under 42 U.S.C. § 1983, they maintain that Marion County and the individual defendants violated their Fourth Amendment rights by illegally searching their property and seizing the animals. The court granted summary judgment because all evidence indicated that the officials' visits were proper and they never entered the curtilage of Hoffman and Lulling's trailer without a warrant.

Officials generally have an implied license to enter property to visit and converse with the owner just as a private citizen might. *Florida v. Jardines*, 133 S. Ct. 1409, 1415–17 (2013). McKnight and Lane initially stopped at the property to investigate complaints about big cats' being illegally held. When they arrived, the defendants stayed in the open area of the property, where they were shown the cats by Hoffman and Lulling without any protest. Once it became apparent the next day that Hoffman and Lulling were violating the law by failing to retain the required paperwork and keeping the animals in inhumane conditions, the officials obtained a proper warrant to search the

3

No. 13-41199

trailer and seize the animals.

The district court relied on *United States v. Dunn*, 480 U.S. 294 (1987), in which the Court distinguished between the curtilage and the open fields of a property. Government officials may enter the open fields without a warrant, as the defendants did here, because "an open field is neither a house nor an effect, and, therefore, the government's intrusion upon the open fields is not one of those unreasonable searches proscribed by the text of the Fourth Amendment." *Id.* at 303–04 (internal quotation marks omitted).[2] That rule squarely applies here, and the summary judgment for that reason was appropriate. We similarly find no issue with the warrant. As a result, we do not need to consider other issues related to the § 1983 claim, such as qualified immunity.

## B.

Lulling appeals the dismissal of his claim under the Americans with Disabilities Act ("ADA"). He contends that Marion County and certain individual defendants discriminated against him based on his disability in violation of 42 U.S.C. § 12132 by failing to provide him with an interpreter after the officials visited the property and later arrested him. His complaint, however, fails sufficiently to state a claim.

Under § 12132, Lulling must demonstrate "(1) that [he] is a qualified individual within the meaning of the ADA; (2) that [he] was excluded from participation in, or was denied benefits of, services, programs, or activities for which [the public entity] is responsible; and (3) that such exclusion or discrimination is because of [his] disability." *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 990 n.3 (5th Cir. 2014) (internal quotation marks omitted).

---

[2] *See also United States v. Cooke*, 674 F.3d 491, 493–95 (5th Cir. 2012).

No. 13-41199

Although no one disputes that Lulling is hearing-impaired, he fails to allege how he was excluded as a result of not having an interpreter during the investigation or arrest. The evidence indicates that he could effectively communicate with officers and that several times he initiated conversations with the defendants. Without any allegation that Lulling's hearing impairment resulted in an exclusion from government benefits or effective services, the ADA claim is deficient, and dismissal was proper.

## C.

Hoffman and Lulling ask us to vacate a judgment from the Marion county court, but under the Rooker-Feldman doctrine, we lack jurisdiction to review that decision. This case presents exactly the sort of situation for which the doctrine precludes review: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[3] We decline to adopt a new exception to the doctrine as Hoffman and Lulling urge, so their claim is not properly before us.

## D.

The district court dismissed Hoffman and Lulling's other claims. That is not error because each claim either was not properly appealed or did not state a proper cause of action. The summary judgment is AFFIRMED.

---

[3] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); s*ee also United States v. Shepherd*, 23 F.3d 923, 924–25 (5th Cir. 1994).

5