# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20069
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2018

Lyle W. Cayce
Clerk

MARAVI MOORE, as next friend EH, the sibling of AH, as next friend ALH,

      Plaintiff – Appellant

v.

HANK WHITMAN, In his official and individual capacities; GREGG
ABBOTT, in his official and individual capacities; AMY HOOD, In her official
and individual capacities; PRENTISS HOOD, In his official and individual
capacities; LISA MCCARTNEY; JAMES MARK COOPER, In his official and
individual capacities; KYLE JANEK; TEXAS DEPARTMENT OF FAMILY
AND PROTECTIVE SERVICES; LUTHERAN SOCIAL SERVICES OF THE
SOUTH, INCORPORATED; HARRIS COUNTY, TEXAS; CHARLES SMITH,
In his official and individual capacities,

      Defendants – Appellees.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-538

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    Appellant Maravi Moore ("Moore") appeals the district court's order
granting Appellees' motions to dismiss her amended complaint, which alleges

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-20069

various constitutional and statutory violations driven by racial animus. Because the district court lacked jurisdiction to adjudicate Moore's claims, we AFFIRM.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This dispute centers on the custody of a child, ALH.  The Texas Department of Protective and Family Services ("Department") removed ALH from the home of his biological parents in January 2014, when ALH was four months old, pursuant to a referral alleging that his biological parents neglected him and abused drugs and alcohol.  ALH was placed in foster care with Amy and Prentiss Hood (the "Hoods") on May 23, 2014, and has lived with them continuously for four years.  During that time, appellant Moore, ALH's biological paternal aunt, also sought custody of ALH.  Relevant to Moore's allegations, Moore and ALH are both black, and the Hoods are both white.

The Hoods filed suit seeking adoption of ALH and termination of ALH's biological father's parental rights.  Moore also filed a suit for modification of ALH's managing conservatorship.  These suits were consolidated because they involved a "common, crucial question:  who should be [ALH]'s managing conservator?"[1]  In May 2016, after an eight-day trial, a Texas jury decided that the Hoods were better suited to become sole managing conservators of ALH. In doing so, the jury answered these four questions as follows:

> 1. Should the parent-child relationship between [ALH's biological father] and [ALH] be terminated? **Answer: Yes.**
> 2. Should the order that designates [the Department] as sole managing conservator of [ALH] be modified to appoint a new sole managing conservator? **ANSWER: Yes.**
> 3. Who should be appointed sole managing conservator of [ALH]? Select the name or names of one of the two choices provided below as a Sole Managing Conservator and write the name or names in the blank for the answer provided below. Your choices are (1)

---

[1] *In Interest of A.L.H.*, 515 S.W.3d 60, 85 (Tex. App. 2017).

> [Moore]; or (2) Prentiss Thomas Hood, Jr. and Amy Hood. **ANSWER: Prentiss Hood / Amy Hood**
> [omitted because jury instructed not to answer]
> 5. Should [Moore] be appointed possessory conservator of [ALH]? **ANSWER: No.**[2]

Moore appealed the jury's findings, which were affirmed by a lengthy state appellate-court opinion in January 2017. The Texas Supreme Court declined to review, and Moore did not petition the United States Supreme Court for a writ of certiorari.

Moore filed suit in the district court on February 17, 2017, against the Hoods, the Department, Hank Whitman, Greg Abbott, Katie Flynn, Lisa McCartney, James Mark Cooper, Kyle Janek, Lutheran Social Services of the South, Inc., Amy Zachemeyer, Harris County, and Charles Smith (collectively, "Appellees") alleging constitutional claims under 42 U.S.C. §§ 1983 and 1985. Among these, Moore alleged substantive due process and equal protection violations perpetrated by Appellees, which she contends were motivated by racial animus. She also alleged that provisions of the Texas Family Code were unconstitutional as applied and that certain Appellees committed fraud. As a result of these violations, she sought $10,000,000 in damages and an injunction prohibiting the Hoods' adoption of ALH, which was finalized in March 2017.

Appellees filed motions to dismiss based, in part, on Federal Rule of Civil Procedure 12(b), arguing that the district court lacked jurisdiction, and, in any case, that Moore failed to state a claim upon which relief may be granted. The district court granted all motions to dismiss and rendered final judgment. Moore timely appealed.

---

[2] *Id.* at 78 (emphasis in original). The alterations clarify the relevant parties.

No. 18-20069

## II.   DISCUSSION

Moore argues on appeal (1) that she raised independent claims to support federal jurisdiction; and (2) that she pleaded her claims with sufficient factual support.  Appellees respond, in their various briefs, that Moore's federal suit is an end run around the result of the state court judgment and thus the district court lacked jurisdiction under the *Rooker-Feldman* doctrine.[3]  Even if the district court could exercise jurisdiction, Appellees contend that Moore's amended complaint failed to state a claim.

"We review a district court's grant of a motion to dismiss *de novo*."[4] Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state judgments" rendered prior to the commencement of the district court proceedings.[5]  A federal complaint, even if framed as containing original claims for relief, attacks a state-court judgment for purposes of the *Rooker-Feldman* doctrine "when the [federal] claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment."[6]  Plaintiffs may not circumvent this jurisdictional limitation by "filing complaints about [state court] actions in

---

[3] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).

[4] *Geophysical Serv. Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 790 (5th Cir. 2017) (quoting *Boyd v. Driver*, 579 F.3d 513, 515 (5th Cir. 2009)).

[5] *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).
As the Supreme Court concisely explained:

> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name:  cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those  judgments.

*Id.*

[6] *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (alteration in original) (internal citations and quotation marks omitted).

lower federal courts cast in the form of civil rights suits."[7]  When constitutional questions arise in state-court proceedings, federal appellate review is available only in the United States Supreme Court.[8]

Moore's causes of injury here are (1) the state-court jury's findings designating the Hoods as sole managing conservatorship over ALH and (2) the state appellate-court's judgment affirming the jury's findings.  Moore's claims are "inextricably intertwined" with the state-court judgment; indeed, Moore sought in her amended complaint injunctive relief halting ALH's adoption— which the state-court allowed to proceed in favor of the Hoods—while Moore continued to pursue custody.[9]  This relief would have required the district court to modify the state appellate court's judgment, which it cannot do.[10]  Moore's recourse for constitutional violations in the state-court proceedings should have been to seek review from the United States Supreme Court.[11]

## III.    CONCLUSION

Because the district court lacked jurisdiction over Moore's amended complaint, we AFFIRM.

---

[7] *Haley v. Harney*, 786 F.2d 688, 690–91 (5th Cir. 1986).

[8] *Exxon Mobil*, 544 U.S. at 284 (quoting *Rooker*, 263 U.S. at 416).

[9] *See Weaver*, 660 F.3d at 904.

[10] *See Shepherd*, 23 F.3d at 924.

[11] *See Exxon Mobil Corp.*, 544 U.S. at 284 (quoting *Rooker*, 263 U.S. at 416).