**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1257
_____

RICHARD J. SILVERBERG,
                              Appellant

v.

CITY OF PHILADELPHIA; LINEBARGER GOGGAN BLAIR & SAMPSON, LLP;
JAMES KENNY; MARCEL S. PRATT, Esquire; FRANK BRESLIN;
DIANA P. CORTES, Esquire; MARISSA O'CONNELL, Esquire;
BRIAN R. CULLIN, Esquire; KELLY DIFFILY, Esquire;
CHRISTOPHER W. DEAN, Esquire
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-02691)
District Judge: Hon. R. Barclay Surrick
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Tuesday, September 22, 2020
_____

Before: AMBRO, PORTER, and ROTH,
*Circuit Judges*

(Filed: February 23, 2021)

———————————

OPINION[*]
———————————

PORTER, *Circuit Judge*.

Richard Silverberg failed to pay business-privilege and wage taxes that accrued between 1992 and 2004 to the City of Philadelphia. In 2008, the Court of Common Pleas entered a default judgment against Silverberg on the City's claim that he still owed those taxes. The City served writs of attachment to Silverberg's banks, but the City ultimately ended its attempts to collect the unpaid taxes.

That changed in 2017. According to Silverberg, the City's new "beverage tax" failed to generate the amount of revenue that City officials had hoped it would. So Silverberg alleges that, to make up for the less-than-expected revenues yielded by the "beverage tax," the City tried to collect the taxes that he had previously failed to pay. Silverberg wanted to stop the City from collecting those taxes. To do so, he moved in the Court of Common Pleas for either a judgment of *non pros* or an injunction to stop the enforcement of the 2008 default judgment. The Court of Common Pleas denied Silverberg's motion, and the Commonwealth Court affirmed.

Afterwards, the City sought to enforce the default judgment against Silverberg and collect the unpaid taxes. Silverberg alleges that, when the City tried to recover his unpaid taxes, protracted settlement discussions occurred. Silverberg ultimately filed a twelve-

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

count complaint in the District Court, alleging that the City and many of its officials violated his rights under both state and federal law. The District Court dismissed Silverberg's lawsuit, and he timely appealed.

*   *   *

The District Court dismissed Silverberg's complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "The District Court had jurisdiction to determine its own jurisdiction." *Sherwin-Williams Co. v. Cnty. of Delaware*, 968 F.3d 264, 268 n.1 (3d Cir. 2020). And "[w]e have jurisdiction to review our own jurisdiction when it is in doubt[.]" *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 222 (3d Cir. 2007). We review de novo the District Court's order dismissing Silverberg's complaint under Rule 12(b)(1). *See Const. Party of Pa. v. Aichele*, 757 F.3d 347, 356 n.12 (3d Cir. 2014).

The District Court gave several reasons for dismissing Silverberg's complaint for want of subject-matter jurisdiction. Among other things, it ruled that it lacked subject-matter jurisdiction over *all* the counts in Silverberg's complaint under the *Rooker-Feldman* doctrine. *See* App. 13–16. That doctrine "prohibits a federal court from exercising subject[-]matter jurisdiction" in certain cases involving state-court judgments. *Allen v. DeBello*, 861 F.3d 433, 438 (3d Cir. 2017) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). It bars a federal lawsuit if:

> (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff [invites] the district court to review and reject the state judgments.

3

*Id.* (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)).

The first and third elements of the *Rooker-Feldman* doctrine are not in serious dispute in this case: Silverberg lost twice in state court, *see* App. 15 ("Not only did the Court of Common Pleas issue a default judgment against [Silverberg] related to unpaid taxes, but [his] State Court Motion to Enjoin Enforcement of the default judgment was denied and [that] order was affirmed[.]"), and the state courts rendered judgments in both cases before Silverberg filed his federal complaint in the District Court, *see id.* ("[Silverberg] did not initiate this action until . . . [more than] a month after the Commonwealth Court's . . . order affirming the decision of the Court of Common Pleas on the State Court Motion to Enjoin Enforcement.").

The second and fourth elements, however, are at the heart of the parties' dispute on appeal. They "are the key[s] to determining whether a federal suit presents an independent, non-barred claim." *Great W. Mining*, 615 F.3d at 166. The second requirement is "an inquiry into the source of the plaintiff's injury." *Id.* When "a federal plaintiff asserts injury caused by the defendant's actions and not by the state-court judgment, *Rooker-Feldman* is not a bar to federal jurisdiction." *Id.* at 167 (citations omitted). On the other hand, the fourth requirement targets "whether the plaintiff's claims will require appellate review of state-court decisions by [a] district court." *Id.* at 169. "*Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling." *FOCUS v. Allegheny Cnty.*

4

*Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citation omitted).

At bottom, the District Court held that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine because Silverberg's federal complaint consists of allegations that are "'inextricably intertwined with . . . previous state court adjudication[s].'" App. 14 (quoting *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 327 (3d Cir. 2000)). We agree with its able analysis.

As for the second element, Silverberg's alleged injuries were caused by the state court judgments against him. All his theories of liability—no matter if his claims for relief sound in state or federal law—bemoan the City's attempts to collect his unpaid taxes. But its attempts to collect are "inextricably intertwined with" the two state-court decisions related to the collection of those unpaid taxes. *See Parkview Assocs. P'ship*, 225 F.3d at 327. Thus, because the gist of Silverberg's complaint is to decry injuries caused by his losses in state court, his federal lawsuit satisfies the second element of the *Rooker-Feldman* doctrine. *See Great W. Mining*, 615 F.3d at 166–67; *cf. Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 556 (7th Cir. 1999).

As for the fourth element, Silverberg's lawsuit essentially amounts to an impermissible invitation for a federal court to overturn state-court judgments. All the counts in Silverberg's complaint detail the parade of horribles that resulted from the entry of the default judgment against him and the denial of his motion to enjoin the enforcement of that default judgment. Because of that, Silverberg's federal lawsuit is a backdoor attack on adverse state-court judgments. *See Great W. Mining*, 615 F.3d at 169.

5

As the District Court aptly put it, "[n]o matter how [Silverberg] casts or recasts his claims in [federal court], we cannot revisit [the state-court] decision[s] here." App. 16.

Silverberg argues that his complaint does not seek collateral review of state-court judgments but invites the District Court to consider a separate issue—whether the City violated his rights under state and federal law as it tried to enforce the state-court judgments. *See* Appellant's Br. at 34–38. We are unpersuaded. The District Court noted that, in denying Silverberg's request to enjoin enforcement of the default judgment, the Court of Common Pleas stated that "it is irrelevant whether [the City] failed to execute[] on its default judgment over the last nine years because [ ] the judgment was already entered in favor of [the City] . . . ." App. 16 (citation omitted).

What's more, "[a] federal complainant cannot circumvent [the *Rooker-Feldman* doctrine] by asserting claims not raised in the state[-]court proceedings or claims framed as original claims for relief." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). "If [a] district court is confronted with issues that are '*inextricably intertwined*' with a state judgment, the court is 'in essence being called upon to review [a] state-court decision,' and the originality of the district court's jurisdiction precludes such a review." *Id.* (emphasis added) (quoting *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983)) (internal quotation marks omitted). In short, because Silverberg's complaint consists of claims that request "relief . . . in the federal action [that] would effectively reverse the state decision or void its ruling," *see FOCUS*, 75 F.3d at 840 (citation omitted), his federal lawsuit satisfies the fourth element of the *Rooker-Feldman* doctrine.

6

\*       \*       \*

We agree with the District Court that Silverberg's complaint violates the *Rooker-Feldman* doctrine and that the District Court therefore lacked subject-matter jurisdiction. So we will affirm the District Court's order dismissing Silverberg's complaint.