# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2021

Lyle W. Cayce
Clerk

No. 21-70007

Rick Allen Rhoades,

*Plaintiff—Appellant*,

*versus*

Ana Martinez, Honorable,

*Defendant—Appellee*.

Appeal from the United States District Court for the
Southern District of Texas
USDC No.4:21-CV-2422

Before Higginbotham, Haynes, and Graves, *Circuit Judges*.
Per Curiam:*

Nearly thirty years ago, Rick Allen Rhoades was convicted in a Texas state court of capital murder and sentenced to death. Now scheduled for execution on September 28, 2021, he has exhausted his state court appeals

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4. Judge Graves concurs in the judgment only.

No. 21-70007

and habeas relief in the state and federal courts.[1] In 2019 this court denied Rhoades's petition for habeas relief[2] and the Supreme Court denied Rhoades's petition for a writ of certiorari.[3]

# I

On January 21, 2021 the district attorney's office asked the Honorable Ana Martinez, the current judge of the 179th District Court of Harris County where Rhoades was convicted, to schedule Rhoades's execution. Then on March 10, 2021, two years after this court reviewed Rhoades's *Batson* challenge, Rhoades filed a motion before Judge Martinez under Texas Code of Criminal Procedure Article 35.29 seeking access to the juror cards and jury questionnaires from his 1992 trial in order to renew his *Batson* challenge.[4] Judge Martinez considered Rhoades's motion in at least three hearings. Enlisted to set a date of execution, she lacked jurisdiction to rule on the motion and set Rhoades's execution date.[5] Rhoades then sought mandamus relief from the Texas Court of Criminal Appeals, seeking an order directing

---

[1] *Rhoades v. Davis*, 914 F.3d 357, 363, 383 (5th Cir. 2019).

[2] *Id*. at 383.

[3] *Rhoades v. Davis*, 140 S. Ct. 166 (2019).

[4] *Batson v. Kentucky*, 476 U.S. 79 (1986).

[5] "[A]t this point I struggle with jurisdiction and I believe this is not properly brought before the Court, so I'm not going to take on your motion at this moment."; "It is the Court's ruling that the Court does not have jurisdiction to make that determination on that matter and it is the Court's ruling today that the Court does not have jurisdiction to reconsider such request.

No. 21-70007

Judge Martinez to reach the merits of Rhoades's motion under Article 35.29.[6] The CCA denied Rhoades's motion for leave to file mandamus.[7]

Rhoades then filed the instant suit pursuant to 42 U.S.C. § 1983 against Judge Martinez. Rhoades alleges that Judge Martinez violated his rights under the due process and equal protection clauses of the Fourteenth Amendment by denying him a statutory right to access jury materials from his trial. The district court granted Judge Martinez's motion to dismiss and denied Rhoades's motion for a stay of execution. Rhoades appealed.[8]

## II

Ultimately, in his § 1983 suit Rhoades requested that a United States District Court review a decision made by the state court on a matter of state law. He invoked a procedure provided by state law for obtaining juror materials. The state court, applying state law, found that it lacked jurisdiction over Rhoades's Article 35.29 motion. Invoking *Rooker-Feldman*—federal

---

[6] Mandamus is the mechanism provided for by state law to address a trial court's action pursuant to article 35.29. *Falcon v. State*, 879 S.W.2d 249, 250 (Tex. App.—Hous. [1st Dist.] 1994, no pet.)

[7] *In re Rhoades*, No. WR-78,124-02, 2021 WL 2964454, at *1 (Tex. Crim. App. July 14, 2021).

[8] On August 9, 2021, while Rhodes's § 1983 suit was pending in federal court, he applied for a subsequent writ of habeas corpus in state court pursuant to Texas Code of Criminal Procedure 11.071 § 5 and for a motion to stay his execution to the Court of Criminal Appeals. He sought relief on three distinct bases, but he did not seek relief under his *Batson* claim. The Texas Court of Criminal Appeals dismissed his application for habeas relief and denied his motion for a stay. Texas Court of Criminal Appeals, No. WR-78,124-03, September 20, 2021. Rhoades has not sought permission to file a successive habeas petition in federal court and would be unable to do so on a *Batson* claim. 28 USC § 2244(b)(1).

No. 21-70007

district courts lack jurisdiction to entertain collateral attacks on state court judgments[9]—the federal district court here dismissed the suit.

### III

Rhoades cannot evade this jurisdictional limit by "asserting. . . claims framed as original claims for relief," here recasting Judge Martinez's denial of relief as a denial of constitutionally secured due process.[10] This is word play: a declination to rule for want of jurisdiction cannot be reframed as a denial of due process rooted in the state law rule. Stripped of its able advocate's clothing, Rhoades asked the district court to determine that Judge Martinez incorrectly applied state law.[11] Although, *Skinner v. Switzer* read the reach of *Rooker-Feldman* narrowly, Rhoades's reliance here on *Skinner* is unfounded.[12] For Skinner, obtaining the DNA evidence would not necessarily imply the invalidity of his conviction, though it could lead to evidence that might or might not assist him. While the procedure is parallel to this case in some respects, the differences are fundamental. Skinner sued the District Attorney, as prescribed by the Texas statute, urging that her refusal to order DNA testing on these facts was unconstitutional, essentially a ministerial act.[13] Rhoades, however, challenged a judicial ruling—the ruling of the state judge on her power to decide the state court's jurisdiction—and then sought mandamus relief from the Texas Court of Criminal Appeals.

---

[9] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *United States v. Shephard*, 23 F.3d 923, 924 (5th Cir. 1994).

[10] *Shephard*, 23 F.3d at 924.

[11] *See Pennhurst v. State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").

[12] 562 U.S. 521, 531 (2011).

[13] *Id*. at 530.

That writ was denied.[14] Rhoades did not challenge the constitutionality or the interpretation of Article 35.29 in any court. The issue was solely the jurisdiction of Judge Martinez. Reviewing such a decision is "inextricably intertwined" with reviewing a state court decision, such that the district court is "in essence being called upon to review the state-court decision."[15] Accordingly, we need not reach the numerous other asserted barriers to this claim, such as sovereign immunity and *Younger* abstention.

And as this Court, in Rhoades's earlier appeal, fully considered and rejected Rhoades's *Batson* challenge, sans the missing racial identity of one seated juror and mindful that the government struck from its allotted fourteen peremptory challenges twelve white persons and that this court found sound basis in the record for the exclusions of two black veniremembers,[16] we affirm the district court and deny the motion for a stay of execution.

---

[14] *In re Rhoades*, No. WR-78,124-02, 2021 WL 2964454, at *1 (Tex. Crim. App. July 14, 2021).

[15] *Shephard*, 23 F.3d at 924; *Ingalls v. Erlewine*, 349 F.3d 205, 209 (5th Cir. 2003).

[16] *Rhoades*, 914 F.3d at 381–83.